# Jacob G. Landes, Plff. in Err., *v.* Borough of Norristown.

## Same *v.* Same.

Where proceedings for the recovery of damages for injury to property, occasioned by a borough changing the grade of a street, are begun six years after the right of action has accrued, they are barred by the limitation act of March 27, 1713.

In such a case the form of action is not to be considered, but the cause.

(Argued February 2, 1888. Decided March 19, 1888.)

January Term, 1888, Nos. 231, 232, E. D., before GORDON, Ch. J., PAXSON, STERRETT, CLARK, and WILLIAMS, JJ. Writs of error to the Common Pleas of Montgomery County to review judgments in favor of the defendant on appeals from viewers, March Term, 1886, Nos. 56, 57. Affirmed.

Both cases were brought by Jacob G. Landes against the borough of Norristown, and were tried together in the common pleas.

In 1877 Jacob G. Landes was the owner of property in the borough of Norristown fronting upon Oak street and Thomas street. In that year the borough authorities changed the grade of these two streets and by excavations from 3 to 14 feet in depth rendered Landes's lots inaccessible.

January 14, 1886, Landes presented his petition to the common pleas of Montgomery county, praying for the appointment of juries to assess the damages upon both streets. These juries filed their report March 1, 1886, awarding to Landes damages, on Oak street, the sum of $525, and on Thomas street, $150. These reports were on the same day confirmed nisi by the court. From both of these awards the borough of Norristown appealed, and the cases were then put at issue and were tried together, June 24, 1887, before BOYER, P. J., and verdicts were rendered in favor of the plaintiff.

Upon the trial of the case the defendant pleaded the statute of limitations, and this point the court reserved. After the trial and verdicts, the defendant filed reasons for a new trial, and Judge BOYER having died, the case was heard before Hon. Harman YERKES, P. J., of the seventh judicial district, sitting at

special session. He overruled the reasons for a new trial, but on the point reserved directed judgment to be entered for defendant in both cases *non obstante veredicto*.

The assignments of error specified the above action of the court.

*Geo. W. Rogers* and *D. Ogden Rogers,* for plaintiff in error. —Prior to the adoption of the Constitution of 1874 there existed no cause of action for the change of grade of a street in a borough. The right to damages was created by this Constitution alone. But up to the time of the approval of the act of May 24, 1878, there existed no method of enforcing that right. The act of 1878 prescribed the remedy, and by implication the remedy related back to the adoption of the Constitution. The act, therefore, became retrospective to that extent. Folkenson v. Easton, 116 Pa. 523, 8 Atl. 869.

The act of 1713 does not apply. "When a statute gives a new and special remedy and precludes all others the act of limitation does not apply." Hannum v. West Chester, 63 Pa. 479. Special statutory proceedings for damages (for taking land by a railroad company) are not within the general statute of limitations. McClinton v. Pittsburg, Ft. W. & C. R. Co. 66 Pa. 404.

Nor has the act of limitation any application to assessment under the act relative to paving streets. Magee v. Com. 46 Pa. 358.

Nor does it apply to bond given by tax collectors. Glover v. Wilson, 6 Pa. 290.

*J. P. Hale Jenkins,* for defendant in error.—The language of the act of 1713 strictly speaking applies only to common-law forms of action; yet the language is "within six years next after the cause of such actions or suit, and not after." Therefore the language of the act limits the right to six years next after the cause of action accrues. Wickersham v. Lee, 83 Pa. 422, clearly decided that it was the cause of action rather than the form of action which determines the applicability of the statute.

See also De Haven v. Bartholomew, 57 Pa. 126; and Hannum v. West Chester, 63 Pa. 475.

The Constitution of 1874 made the changing of the grade of streets a right invaded; and therefore while the law was silent

as to the remedy, yet a remedy did exist. The act of 1878 merely simplified the remedy by prescribing that the damages should be ascertained by viewers appointed by the common pleas. In White v. McKeesport, 40 Philadelphia Leg. Int. 90, the court clearly indicated in its opinion that before the passage of the act of 1878 a suit could be maintained, but held that since its passage the proceedings must conform to the act.

The following cases decided the statute of limitations to be a bar to a claim for damages for a change of grade: Beck v. Bethlehem, 2 Pa. Co. Ct. 511; Craft v. South Chester, 2 Pa. Co. Ct. 509; Road in East Whiteland, 4 Montg. Co. L. Rep. Jan. 7, 1888; Folkenson v. Easton, 116 Pa. 523, 8 Atl. 869; Fegley v. Easton, 2 Pa. Co. Ct. 505. See also *Re* Grape Street, 103 Pa. 122.

PER CURIAM:

The judgment of the court below was right. The mere form of the action is not to be considered, but the cause. The cause in these cases was the injury done to the plaintiff's property by the grading of the streets, and the common-law action would be case or trespass; hence, the cases fall within the limitation act of the 27th of March, 1713.

Judgments affirmed.