RODNEY C. WEBBER, Appellant, *v.* THE HERKIMER AND MOHAWK STREET RAILROAD COMPANY, Respondent.

The liability of a carrier of passengers to a passenger injured in consequence of some defect in the vehicle is based solely upon negligence, and the three years' limitation fixed by the Code of Civil Procedure (sub. 5, § 383) for the bringing of "an action to recover damages for a personal injury resulting from negligence" applies.

It is immaterial whether the action is in form *ex contractu* for a breach of the carrier's contract or *ex delicto*. Where the source of the injury complained of is negligence the action is barred if not commenced in three years.

(Argued April 9, 1888; decided April 17, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made January 13, 1885, which affirmed a judgment in favor of defendant, entered upon a verdict directed by the court and which affirmed an order denying a motion for a new trial.

The nature of the action and the material facts are sufficiently stated in the opinion.

*A. B. Steele* for appellant. The complaint sets forth a cause of action on contract, and its breach, from whatever cause, gives the right of action. ( *Weed* v. *Panama R. R. Co.*, 17 N. Y. 362; *Van Buskirk* v. *Roberts*, 31 id. 661; *Stewart* v. *Brooklyn Cross-town R. R. Co.*, 90 id. 588, 590, 591.) The complaint is not to recover damages for a personal injury resulting from negligence, as defined in subdivision 5 of

section 383 of the Code. (*Watson* v. *Forty-second St. R. R. Co.*, 48 Supr Ct. Rep. 44; affirmed, 93 N. Y. 522, *Dickinson* v. *Mayor, etc., of N. Y. City*, 28 Hun, 254; affirmed, 92 N. Y 584.) An action is maintainable without alleging the contract or obligation. (*Cregan* v *Brooklyn Cross-town R. R. Co.*, 75 N. Y 192.) The complaint being on contract, the action must be on contract. (*Weed* v *Panama R. R. Co.*, 17 N. Y. 362; *Williams* v. *Vanderbilt*, 28 id. 217; *Buskirk* v. *Roberts*, 31 id. 661; *Higgins* v. *Watervliet Turnpike Co.*, 46 id. 24; *Stewart* v. *Brooklyn Cross-town R. R. Co.*, 90 id. 588.) There is a distinction between an action to recover against a corporation or individual for an injury to a third person, as, for instance, an injury to a person who is not a passenger of the common-carrier and like cases, and an action to recover for a breach of contract against a common-carrier. (*McGuffin* v. *City of Cohoes*, 11 Hun, 531; affirmed, 74 N. Y. 387, 392; *Butherton* v. *Wood*, 5 Brod. & B. 54; *Orange Bk.* v. *Brown*, 3 Wend. 158; *Rich* v. *N. Y. C. & H. R. R. R. Co.*, 87 N. Y. 382.)

*Samuel Earl* for respondent. This being an action to recover damages for a personal injury resulting from negligence, and not having been commenced within three years, is barred by the statute. (Code of Civ. Pro., § 383, subd. 5; *Watson* v. *Forty-second St. and Grand St. Ferry R. R. Co.*, 48 N. Y. Sup. Ct. 44; affirmed, 93 N. Y. 522; *Dickinson* v. *Mayor, etc.*, 92 id. 584; affirming, 28 Hun, 254.) Subdivision 3 of section 382 of the Code embraces cases of injury to the person where a recovery can be had without proof of negligence, such as where the liability is absolute, irrespective of the question of negligence. (*Clifford* v. *Dam*, 81 N. Y. 52; *Shiply* v. *Fifty Associates*, 101 Mass. 251, 253; *Garland*, v. *Towne*, 55 N. H. 55; *St. Peters* v. *Denison*, 58 N. Y. 416). The defendant, as a carrier of passengers, is only liable on the ground of negligence, which must not only be averred, as it is in this case, but must be affirmatively shown before a recovery can be had. (*McPad-*

*den* v. *N. Y. C. R. R. Co.*, 4 N. Y. 478; *Holbrook* v *Utica & Schenectady R. R. Co.*, 16 Barb. 113; *Curtis* v. *Rochester & Syracuse R. R. Co.*, 18 N. Y. 534; *Caldwell* v. *N. J. Steamboat Co.*, 47 id. 282; *Seybolt* v. *N. Y., L. E. & W. R. R. Co.*, 95 id. 562, 568; Redf. on Carriers, § 340.)

GRAY, J. The plaintiff's complaint, in substance, alleged the making of an agreement between himself and the defendant, a street railroad company, operating as common carriers of passengers between the villages of Herkimer and Mohawk, in this state, by which, on June 23, 1879, the defendant, having received him into its car for a certain compensation, then paid by him, undertook and agreed with him to transport him, with care, diligence and safety to his person, from Herkimer to Mohawk, and that its cars, road and appurtenances thereto were safe, suitable and proper for the accomplishment of that undertaking. It further alleged that the defendant omitted and neglected to perform its said undertaking and violated the same, in the respect that its car was so constructed that while in motion a passenger could not pass from one end to another without stepping outside on a side platform, and that while on his journey, and in the night-time, the conductor ordered plaintiff to move from the rear end of the car to the front end. While complying with this direction, and in passing along said outside platform, plaintiff was struck by a telegraph pole, crushed against it and thrown from the car into a ditch and was greatly injured.

It alleged that the defendant's servants were well aware that at a certain part of the road the telegraph poles were so near to the track as to make it dangerous for any person to be on the outside platform of the car while passing that point, and that in ordering plaintiff to move, defendant's servants neglected to warn him of the close proximity of the telegraph poles, and that he was injured without fault on his part. The complaint then alleged the nature and extent of his injuries and the amount of damages sustained.

SICKELS—VOL. LXIV. 40

The answer, among other defenses, set forth that this action was brought to recover damages for a personal injury resulting from negligence, and that the cause of action did not accrue within three years next before the commencement of the · action. When the case came on for trial it was conceded that the action was commenced on the 6th day of March, 1883, and the court held that the statutory defense, pleaded by the answer, was applicable to the case and ordered a verdict for defendant. The plaintiff excepted to this ruling and order, and also to the refusal of a request to be allowed to go to the jury.

The sole question for our review is the correctness of the judge's ruling, upon the application of the statute of limitations, set up in defendant's answer as a bar to the action. Plaintiff's counsel contends that the cause of action arises upon a " contract obligation " of the defendant, and that subdivision 1 of section 382 of the Code of Civil Procedure provides that such an action may be brought within six years. He argues that the gravamen of the action and foundation of the claim are the contract or undertaking of the defendant; and that defendant was under no obligation to him, excepting that arising therefrom, and that subdivision 5 of section 383, being intended to apply to cases of liability not resting upon contract, does not apply.

It is, however, too well settled, to require extended discussion at this day, that · common carriers of passengers are not insurers of personal safety, and that for an injury happening to the person of a passenger they are only liable for negligence in failing to use due care, diligence or skill in and about their undertaking, in order to prevent those injuries which human foresight and care can guard against. If there is any defect in the vehicle by which passengers are carried, and an injury occurs thereby, they are liable, if at all, on the sole ground of negligence.

The form of the action, whether *ex contractu*, as claimed to be the case here by appellant's counsel, or *ex delicto*, does not affect the case under this statute. (*Carroll* v. *Staten Island R. R. Co.*, 58 N. Y. 126, 134.) The liability of the

defendant, as a carrier of passengers, is referable to the question of its negligence. If the passenger, through any accident, is injured in his person, and his freedom from fault is established, the carrier is liable to him in damages, if the proofs show that the injury occurred through its negligent acts, or of those of any of its agents or servants.

Section 382, in the fourth chapter of the Code of Civil Procedure, which contains the statutory provisions for the limitation of the time of enforcing a civil remedy, fixes a period of six years for the bringing of "an action upon a contract obligation or liability, express or implied," and for "an action to recover damages for an injury to property or a personal injury, except in a case where a different period is expressly prescribed in this chapter."

The fifth subdivision of section 383 fixes a period of three years for the bringing of "an action to recover damages for a personal injury resulting from negligence." This fifth subdivision of section 383 was a new provision, and furnishes the exception contemplated in the previous section. It repealed the provision of the former statute, by which a period of limitation of one year was fixed for the commencement of an action to recover damages for personal injuries. (*Watson v. Forty-second St. R. R. Co.*, 93 N. Y. 522.) There should not be the slightest reason for misapprehending the intention of the legislature or for misapplying the language of the sections. Where the source of the personal injury complained of is found to be in the negligence of the defendant, the action must be commenced within three years, or the statutory provision may be pleaded in bar. The learned counsel for appellant says that if such a construction is given to the fifth subdivision of section 383, it will be difficult to mention a case to recover damages for a personal injury as provided in subdivision 3 of section 382, not covered by subdivision 1 of section 384, or by subdivision 5 of section 383. But he is quite mistaken. The third subdivision of section 382 applies to all cases where the personal injury results from acts other than those constituting negligence in the defendant. Illustra-

tions are not difficult to mention. Such would be a case where an injury occurred to the person of the passenger because the carrier had failed to transport him, according to its undertaking, to the point of his destination; or where it had failed to furnish suitable or proper accommodations and physical discomforts or sickness resulted; or because of unreasonable delay or detention from which he suffered in any demonstrable way. Subdivision 9 of section 3343 defines as personal injuries, in addition to those referable to subdivision 1 of section 384, the cases of seduction, malicious prosecution and criminal conversation.

In the case at bar the cause of action arose upon the principles of the common law and was perfect and complete when the injury occurred to the plaintiff, by reason of the negligence of the defendant, in the breach of its legal duty to carry the plaintiff safely, and the statutory limitation of three years commenced to run at that time, and the action not having been brought until after the expiration of that period, the defense of the statute was perfect.

The judgment appealed from should be affirmed.

All concur, except Earl, J., not sitting, and Danforth, J., not voting.

Judgment affirmed.