## DLABOLA v. MANHATTAN RY. CO.

*(Common Pleas of New York City and County, General Term. February 3, 1890.)*

1. CARRIERS—INJURIES TO PASSENGERS—EVIDENCE—BLIZZARD.

In an action for personal injuries sustained by a passenger on defendant's railway, during the "blizzard" of March 12, 1888, questions put to the signal service observer by defendant, as to whether he had ever known a storm involving such a combination of snow, wind, and cold, and such a disturbance of the elements with combination of wind and snow, are properly excluded, the details of the storm having previously been given in figures by the witness, and its severity conceded.

2. SAME—PROVINCE OF JURY.

It appeared that the cars were so crowded that, when the engineers gave the signal to put on the hand-brakes, the trainmen could not get at one or more of the brakes in time to avoid the collision which caused the injury. *Held*, that whether there was any negligence on the part of defendant arising from this state of facts was a question for the jury.

3. SAME—DEGREE OF CARE.

It was proper to charge that defendant was bound to exercise in the transportation of its passengers the very highest and the utmost degree of care possible.

Appeal from trial term.

An action by Ignatz Dlabola against the Manhattan Railway Company for personal injuries sustained while a passenger on its railway during the "blizzard" of March 12, 1888. The jury awarded plaintiff $500. Defendant appeals from the judgment rendered on the verdict.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Davies & Rapallo,* (*Edward S. Rapallo* and *Samuel Blythe Rogers,* of counsel,) for appellant. *Alfred & Charles Steckler,* for respondent.

BOOKSTAVER, J. This was an action brought for the recovery of damages sustained by plaintiff by reason of the alleged carelessness and negligence of the defendant. On the 12th March, 1888, plaintiff took passage on board of one of defendant's cars at Seventy-Sixth street and Third avenue, to be transported down town. The morning was an exceedingly stormy one, and the tracks of the road were to a certain extent incumbered with snow, so that the trains ran at irregular intervals, and with frequent stoppages. The train upon which the plaintiff took passage, after leaving the station at Seventy-Sixth street, became blocked by the snow, and, while so standing, another train of five cars, drawn by two engines, ran into and collided with the train upon which the plaintiff was, and he was thrown down with considerable force, and injured about his head, leg, and foot. No negligence was imputed to the plaintiff, but it was claimed on behalf of the defendant that the collision was unavoidable, on account of the state of the weather and of the tracks caused by such conditions. Sergeant Dunn, the United States signal service observer in this city, was called as a witness by the defendant, and testified as to the temperature, snow-fall, velocity of the wind, and the other circumstances connected with the storm. He also testified that he had been such officer for 16 years, and was thereupon asked the following question, "In that whole sixteen years did you ever know of a storm involving such a combination of snow, wind, and cold together as the blizzard?" and also the question, "During the whole time when you have been a signal officer here was there such a disturbance of the elements, with combination of wind and snow,

as the period beginning with the night of the 11th of March and extending through to the 13th?" Both of these questions were objected to by the plaintiff's counsel, and the court sustained the objection. The appellant contended that this was error. The details of this storm and its severity had already been given in figures by the witness, and doubtless all the jurors had a very distinct recollection of the circumstances of that storm. Expert testimony was not needed to convince them of its severity. That seems to have been conceded throughout the trial, for, in the course of his charge, the judge says: "When these extraordinary storms occur, we expect men to do the very best they can, but sometimes the storm is altogether beyond human control. You cannot provide an agency that can resist the powers of nature, and, when an accident occurs solely for the reason that the powers of nature have overmastered the powers of man, the railroad company is not to be held responsible."

No motion was made to dismiss the complaint on the ground of want of care on the part of the defendant, but a motion for a new trial was made after the verdict, which was denied, and the defendant could avail itself of this on this appeal, were there grounds for it in the circumstances of the case. But we have looked over the testimony, and also over the charge of the learned judge who tried the case, and we do not think that he would have been justified in dismissing the complaint. There was practically but one ground on which the plaintiff could claim negligence on the part of the defendant, and that was that the cars were so crowded that, when the engineers gave the signal to put on the hand-brakes, the trainmen could not get at one or more of these brakes in time to do so before the collision, and, had they been applied promptly, it could have been avoided. Whether there was any negligence on the part of the defendant, arising from this state of facts, was a question properly submitted to the jury, under a charge so fair that the appellant did not except to it in this respect, and their verdict was not so clearly against evidence that we feel warranted in disturbing it.

The exceptions to the charge that the defendant was bound to exercise in the transportation of its passengers the very highest degree of care possible, and that it was bound to use the utmost degree of care possible, were not well taken. No rule is better settled than that, in respect to carrying passengers, a railroad company is bound to exercise all the care and skill which human prudence and foresight can suggest, to secure the safety of their passengers. *Brown* v. *Railroad Co.*, 34 N. Y. 404; *Johnson* v. *Railroad Co.*, 20 N. Y. 65; *Fero* v. *Railroad Co.*, 22 N. Y. 213; *Webber* v. *Railroad Co.*, 109 N. Y. 314, 16 N. E. Rep. 358. The judgment should therefore be affirmed, with costs.