Thomas Kelly v. The Western Union Telegraph Company.

Delivered November 24, 1897.

1. **Limitation of One Year—Mental Anguish Is Injury to the Person.**

"Mental anguish, disappointment, sorrow, and affliction," resulting from negligence in the delivery of a telegram, are injuries to the person within the statute limiting an action for injuries to the person, as distinct from injuries to the estate or property, to one year.

2. **Jurisdiction—Amount in Controversy Reduced by Plea of Limitations.**

The District Court is not deprived of jurisdiction of an action where damages well pleaded are reduced in amount to $5 by the defendant's interposition of the plea of limitation.

APPEAL from El Paso. Tried below before Hon. C. N. BUCKLER.

*W. B. Brack* and *Millard Patterson*, for appellant.—The cause of action stated in the petition was for breach of contract, and for the proximate damages, including the $5 expended for telegrams, incident to such breach, and was not barred in one year, but in four or two years from its accrual. Rev. Stats., arts. 3354, 3356, 3358; 1 Suth. on Dam., 78-105; 1 Sedg. on Dam., 8 ed., sec. 45; 2 Id., sec. 894; Stewart v. Tel. Co., 66 Texas, 581.

*Beall & Kemp*, for appellee.—The court did not err in sustaining defendant's exception setting up the statute of limitation of one year as a bar to plaintiff's cause of action; it was an injury done to the person of plaintiff, causing him physical and mental suffering. 2 Sayles' Civ. Stats., art. 3202; Martin v. Tel. Co., 6 Texas Civ. App., 619; Railway v. Roemer, 1 Texas Civ. App., 191; Rowell v. Tel. Co., 75 Texas, 26; Stewart v. Tel. Co., 66 Texas, 280; Railway v. Levy, 59 Texas, 343-563; Sorrell v. Tel. Co., 55 Texas, 313; Railway v. Irvine, 64 Texas, 529; Toten v. Railway, 56 Texas, 642; Bear Bros. v. Marx, 63 Texas, 298; Railway v. Richardson, 79 Texas, 652; Hein v. McCaughn, 32 Miss., 39; Creegin v. Railway, 75 N. Y., 192.

JAMES, CHIEF JUSTICE.—This is an action for damages for negligence in the delivery of certain telegrams. The damages alleged consist of $5 paid as tolls, and of "mental anguish, disappointment, sorrow, and affliction," as the result of the company's violation of its agreements to deliver the messages. The action was brought more than one year after the occurrences charged, but within two years. The court sustained a demurrer on the ground of limitations, and dismissed the action.

We are of opinion that the ruling was correct so far as the petition sought to recover damages to the person, and we regard mental anguish, disappointment, sorrow, and affliction as of that class. True, as is common in cases of carriers of passengers, there was a contract of carriage from which the company's duty arose, but the wrong complained of was in substance and in fact the infliction of injury to the person by negli-

gence. It is immaterial, so far as the question before us is concerned, whether the act or omission from which the injury results violates a duty incident to a contract or not. The statute interposes the bar of one year to damages for injuries done to the person of another, as distinguished from injuries done to the estate or property of another. This is the test. So far, therefore, as the petition seeks damages for injury to the mind or body, it presents a case within the statute of one year. See Martin v. Tel. Co., 6 Texas Civ. App., 619; also Railway v. Roemer, 1 Texas Civ. App., 191.

But we think it was error to apply this rule to the claim for tolls paid. This pertained to the estate of plaintiff.

It appears to be the argument of appellee that when the damages claimed for mental distress are eliminated from the case, the amount left would not be within the jurisdiction of the court. This view is fallacious. There can be no doubt that the court had jurisdiction to render judgment in respect to all the damages asserted in the petition, and would have proceeded to do so, had the statute of limitations not been appealed to. The case is not that plaintiff stated no cause of action for the total amount claimed, but that defendant successfully presented a defense to a portion thereof. This would not tend to deprive the court of the jurisdiction it had obtained to adjudicate in respect to any damage embraced in the petition. The case is unlike Rowell v. Telegraph Company, 75 Texas, 26, where it was held the only damage really pleaded was recovery of the toll. We therefore conclude that the court erred in dismissing the action.

The second and third assignments are without merit.

*Reversed and remanded.*

Writ of error denied.