[Sac. No. 465.   Department Two.—December 24, 1898.]

LOUIS TARKE, Respondent, v. WILLIAM J. BINGHAM et al., Appellants.

FORECLOSURE OF MORTGAGE—REFORMATION OF COPY OF NOTE—CLERICAL MISPRISION — MUTUAL MISTAKE.— In an action to reform a mortgage in respect to the copy of the note therein described, and to foreclose it as reformed, where it appears that, by clerical misprision of the scrivener, the note was incorrectly copied in the mortgage, and that all parties to the mortgage intended that it should contain a true copy of the note actually executed by the defendants, the plaintiff is entitled to a reformation of the mortgage upon the ground of mutual mistake.

ID.—STATUTE OF LIMITATIONS — DISCOVERY OF MISTAKE — PLEADING— PROOF.—Where the action to reform and foreclose the mortgage was commenced more than three years after the execution of the mortgage, and the complaint did not plead a discovery of the mistake for which the reformation was sought within the three years, limited by subdivision 4 of section 338 of the Code of Civil Procedure, and the answer pleaded that the cause of action to reform the mortgage was barred by that limitation, such pleading of the answer is deemed controverted by the plaintiff and he may prove in reply that the mistake was discovered within said period of three years.

ID.—MEANS OF KNOWLEDGE—DUTY TO INVESTIGATE.—A plaintiff who seeks relief upon the ground of fraud or mistake, must not merely allege or show ignorance at one time and discovery at another, but when called upon for pleading or proof, he must show diligence and that he has not failed to avail himself of sources of information of which he had knowledge, and to investigate which was a duty incumbent upon him.

ID.—ABSENCE OF DUTY TO INQUIRE—FAILURE TO USE MEANS OF KNOWLEDGE—DISCOVERY WITHIN PERIOD OF LIMITATION.—If no duty rested upon the plaintiff to make inquiry, under the circumstances, and a prudent man would not thereunder be put upon inquiry, the mere fact that means of knowledge were open to the plaintiff more than three years before the commencement of the action, and that he had not availed himself of them, does not debar him from relief, if discovery was thereafter made within the period of limitation.

ID.—NOTICE—QUESTION OF NEGLIGENCE—ABSENCE OF SUSPICION.—The circumstances must be such that inquiry becomes a duty, and the failure to make it a negligent omission of duty, in order that means of knowledge shall charge the plaintiff with notice, under section 19 of the Civil Code. If there was no duty of the plaintiff to make inquiry under the circumstances shown, and nothing had occurred to excite his suspicion, or to put him upon inquiry, he was not chargeable with notice of the alleged mistake in the mortgage, until his discovery thereof.

APPEAL from a judgment of the Superior Court of Sutter County and from an order denying a new trial. E. A. Davis, Judge.

The facts are stated in the opinion of the court.

Milton Shepardson, and E. A. Bridgeford, for Appellants.

M. E. Sanborn, for Respondent.

THE COURT.—This action was to reform, and, as reformed, to foreclose a mortgage upon real estate. Plaintiff had judgment, from which and from the order denying defendant's motion for a new trial this appeal is taken.

The note to secure which the mortgage was given was a note payable three years after date, and was signed James Dunne, William J. Bingham, Anne Bingham. The note described in the mortgage for which the security was given was made payable "one year after date," and was signed James Dunne, William J. Bingham, Anne Dunne. The complaint set forth the note and mortgage, and alleged that the copy of the promissory note set out in the mortgage was intended by all the parties to the mortgage to be a true copy of the promissory note actually made by the parties, and that the mortgage was intended to secure the payment of the promissory note so executed, but that by a clerical error of the scrivener the terms of the promissory note were incorrectly copied into the mortgage. Defendants do not deny any of the material allegations of the amended complaint, except that they allege that the note intended to be secured was correctly described in the mortgage, saving as to the name Anne Dunne, which they admit was signed Anne Bingham, as alleged in the amended complaint. The note was given for a loan of ten thousand dollars to Bingham, which has never been repaid.

The mortgage was signed in the same manner as the note and at the same time. The action was commenced more than three years after the execution of the mortgage, and by answer defendants pleaded the bar of the statute of limitations, relying upon subdivision 4 of section 338 of the Code of Civil Procedure. Upon sufficient evidence the court found that the copy of the promissory note set out in the mortgage was intended by all the parties to the mortgage to be a true copy of the promissory note actually executed by the defendants, and that the misdescription in the mortgage was a clerical misprision. There is in this finding sufficient to support the reformation upon the ground of mutual mistake.

Plaintiff's complaint failed to plead a discovery of the mistake within the three years limited by subdivision 4 of section 338 of the Code of Civil Procedure. Advantage was taken of this by the defendants, and the statute of limitations was pleaded. As this new matter set up in the answer is under our code system taken as denied by the plaintiff, it became incumbent upon him to bring himself within the terms of the exception of the statute. His evidence upon this point was to the effect that he did not discover the mistake until a few days before the commencement of his action, and that up to the time of the discovery he had always thought that the mortgage contained an accurate copy of the note to secure which it was given. The court found generally that none of the allegations of defendants' answer was true, and specifically that the discovery was not made by plaintiff until within three years before the commencement of his action. We think, under the facts, that plaintiff has brought himself within the exception of the statute permitting an action for relief upon the ground of fraud or mistake to be brought within three years after the discovery by the aggrieved party of the facts constituting the fraud or mistake. It is very true, as the cases relied upon by appellants declare, that it is not sufficient for the plaintiff in such an action merely to plead or prove his ignorance at one time and his discovery or knowledge at another, and that where he is required to plead it is incumbent upon him to show diligence, and that he has not failed to avail himself of sources of information of which he had knowledge, and to investigate which was a duty incumbent upon him. This

is but the declaration of the equitable rule enunciated in section 19 of the Civil Code: "Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, has constructive notice of the fact itself in all cases in which by prosecuting such inquiry he might have learned such fact."

But the converse of the proposition is equally true. Where no duty is imposed by law upon a person to make inquiry, and where under the circumstances "a prudent man" would not be put upon inquiry, the mere fact that means of knowledge are open to a plaintiff, and he has not availed himself of them, does not debar him from relief when thereafter he shall make actual discovery. The circumstances must be such that the inquiry becomes a duty, and the failure to make it a negligent omission. (*Bank of Mendocino v. Baker*, 82 Cal. 114; *Prouty v. Devin*, 118 Cal. 258.) In this case, though means of information were open to the plaintiff, it does not appear that there was any duty devolving upon him to make use of them. Nothing had occurred to excite his suspicion, or to put him upon inquiry, and for these reasons, under the facts of this case, we think the finding of the court sufficient and sufficiently supported by the evidence.

The judgment and order appealed from are therefore affirmed.

Hearing in Bank denied.