THERON B. HERMES, Respondent, *v.* WESTCHESTER RACING ASSOCIATION, Defendant, Impleaded with JOHN SANFORD, Appellant.

First Department, May 29, 1925.

Limitation of actions — action against racing association and owner of horse to recover for injuries suffered by plaintiff while attending racing exhibition — complaint pleads violation of contract duty to protect plaintiff while in attendance on paid admission — action is barred under three-year Statute of Limitations, Civil Practice Act, § 49, subd. 6.

An action against a racing association and the owner of a horse to recover damages for personal injuries suffered by the plaintiff while in attendance under paid admission at a racing exhibition conducted by the association is governed by the three-year Statute of Limitations, subdivision 6 of section 49 of the Civil Practice Act, and is barred, since it appears that the action was not commenced within three years after the injuries were suffered, and the fact that the plaintiff bases his cause of action on the breach of an alleged contract arising out of the fact that the plaintiff paid admission to see the exhibition does not make the six-year Statute of Limitations applicable.

DOWLING, J., and CLARKE, P. J., dissent, with opinion.

APPEAL by the defendant, John Sanford, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 19th day of February, 1925, denying his motion to dismiss the complaint on the ground that the Statute of Limitations is a bar to the cause of action pleaded.

*Johnson & Shores* [*Charles A. Buckley* of counsel; *Dee Stone* with him on the brief], for the appellant.

*Morris & Samuel Meyers* [*Samuel Meyers* of counsel], for the respondent.

McAVOY, J.:

Our ruling is not to rest on the term to be given the cause of action under common-law nomenclature, whether *ex delicto* or *ex contractu.* The doubt exists concerning the time of limitation of the commencement of an action of the nature described in the complaint under statutory provisions limiting the time for enforcing a civil remedy now embodied in sections 48, subdivision 1, and 49, subdivision 6, of the Civil Practice Act. (Formerly Code Civ. Proc. §§ 380, 382, subd. 1; Id. § 383, subd. 5.) We are convinced that it is necessary, in view of the language of the sections mentioned, to look into the facts of the claim as alleged to determine the rule under the liability sought to be enforced against the defendant, and if the " gravamen of the action and foundation of the claim " are " to recover damages for a personal injury resulting from negligence " (See Civ. Prac. Act, § 49, subd. 6), to enforce the statutory prescription against the maintenance of the action, whether in form it be brought *ex contractu* or *ex delicto.*

That this action, although brought as though to enforce a contract obligation, is one which seeks to recover damages for a personal injury resulting from negligence, cannot be gainsaid. There is no other basis for the suit in its claim for damages, and no injury to plaintiff's person was caused by any other tortious conduct than the negligence described. The provision of section 48, subdivision 1, of the Civil Practice Act, which governs the time within which the commencement of actions on contract is limited, has no such specific reference to the claim here made in the complaint as has the provision of section 49, subdivision 6. The very wording of the former excludes its application to the facts alleged. It reads:

" § 48. Actions to be commenced within six years. The following actions must be commenced within six years after the cause of action has accrued:

" 1. An action upon a contract obligation or liability express or implied, except a judgment or sealed instrument."

Certainly this cannot refer to an action where defendants' liability to persons attending their exhibition is predicated on the sole ground of their negligent conduct of the enterprise resulting in a personal injury.

That the form of an action, whether *ex contractu* or *ex delicto,* does not affect the application of the limitation statute has been heretofore ruled in the Court of Appeals and in this court itself. The language in *Webber* v. *Herkimer & Mohawk S. R. R. Co.* (109 N. Y. 311, 314) seems quite decisive: " The sole question for our review is the correctness of the judge's ruling, upon the application of the Statute of Limitations, set up in defendant's answer as a

bar to the action. Plaintiff's counsel contends that the cause of action arises upon a ' contract obligation ' of the defendant, and that subdivision 1 of section 382 of the Code of Civil Procedure provides that such an action may be brought within six years. He argues that the gravamen of the action and foundation of the claim are the contract or undertaking of the defendant, and that defendant was under no obligation to him, excepting that arising therefrom, and that subdivision 5 of section 383, being intended to apply to cases of liability not resting upon contract, does not apply.

" It is, however, too well settled, to require extended discussion at this day, that common carriers of passengers are not insurers of personal safety, and that for an injury happening to the person of a passenger they are only liable for negligence in failing to use due care, diligence or skill in and about their undertaking, in order to prevent those injuries which human foresight and care can guard against. If there is any defect in the vehicle by which passengers are carried, and an injury occurs thereby, they are liable, if at all, on the sole ground of negligence.

" The form of the action, whether *ex contractu,* as claimed to be the case here by appellant's counsel, or *ex delicto,* does not affect the case under this statute. (*Carroll* v. *Staten Island R. R. Co.,* 58 N. Y. 126, 134.)"

This rule was cited approvingly in *Maxson* v. *D., L. & W. R. R. Co.* (112 N. Y. 559, 561). And in this court the same interpretation was given to these sections as contained in the former Code of Civil Procedure, although the precise point was not contested there. See *Aplington* v. *Pullman Co.* (110 App. Div. 250, 254), where Mr. Justice LAUGHLIN remarked, obiter: " The action, [on a breach of contract for failing to provide a sleeping berth in a Pullman car] strictly speaking, is not *ex contractu.* It would not be assignable and the Statute of Limitations relating to torts, as distinguished from contracts, would be applicable. (*Webber* v. *Herkimer, etc., R. R. Co.,* 109 N. Y. 311.) "

We cannot distinguish the facts here alleged from those which were set forth in the causes just cited, and we believe that both principle and precedent are united in the rule that in a cause of the nature described the three-year statute governs.

The authority invoked by our brother DOWLING (*Busch* v. *Interborough R. T. Co.,* 187 N. Y. 388) seems to us indecisive of the point now involved. There the ruling made for the right to sue a carrier in form *ex contractu* and held that although the breach of the right arising in contract was of tortious nature, the suit might be grounded in the other form. The question of the inter-

pretation of the statute limiting the time for the commencement of civil actions was not involved and certainly, in our view, was not decided.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

FINCH and MARTIN, JJ., concur; CLARKE, P. J., and DOWLING, J., dissent.

DOWLING, J. (dissenting):

The motion made by defendant John Sanford was "for an order and judgment dismissing the complaint as to the defendant John Sanford, on the ground that the cause of action did not accrue within the time limited by law for the commencement of an action thereon, in that the cause of action attempted to be set forth in the complaint is one to recover damages for a personal injury resulting from negligence, and was not commenced until January 16, 1925, although the cause of action accrued on or about June 7, 1921." This motion was properly denied, as the action is clearly based upon an alleged breach of contract by the defendants and not on negligence. The contract alleged is: "*Fourth.* On or about the 7th day of June, 1921, at Belmont Park, the defendants in consideration of the sum of Three Dollars and Eighty-five Cents ($3.85), then and there duly paid to them by the plaintiff, entered into a contract with the plaintiff, wherein and whereby, for said sum, the defendants granted the plaintiff a license, privilege and admission; to enter into and upon said park and place of interest hereinbefore referred to, and granted him the license and privilege of then and there witnessing such performance and contests as the defendant would then and there exhibit, and the defendants further promised and agreed to safely protect and carefully treat the plaintiff, while in and upon said property."

Suit may be brought for the breach of such a contract, and it is no bar or answer thereto that one in tort might have been, or ordinarily would be, brought for the acts really complained of, which sound in negligence. (*Busch* v. *Interborough R. T. Co.,* 187 N. Y. 388.)

In that case the action was brought to recover damages for defendant's failure to properly transport plaintiff over its road in the city of New York. The court, speaking through Judge HISCOCK (now chief judge) said (at p. 389): "The real, substantial element of damages is an alleged assault upon and maltreatment of plaintiff by one of defendant's employees after the former had passed through the gateway on to the platform of one of defendant's stations for the purpose of taking a train, and the sole question

is whether the action is one of contract or of tort. This inquiry is of controlling importance, since the Municipal Court where the cause originated had jurisdiction of an action of the former character and did not have jurisdiction of one of the latter kind." And in holding that the action was one in contract he said: " In a general way a tort is distinguished from a breach of contract in that the latter arises under an agreement of the parties, whereas the tort ordinarily is a violation of a duty fixed by law, independent of contract or the will of the parties, although it may sometimes have relation to obligations growing out of or coincident with a contract, and frequently the same facts will sustain either class of action. (*Rich* v. *N. Y. C. & H. R. R. R. Co.*, 87 N. Y. 382, 390.)

" And so while it may be conceded that, independent of any express promise or agreement, the defendant would have been subject to duties and obligations in favor of plaintiff, the violation of which by the acts complained of in this case would have amounted to a tort, that is not at all decisive that this action was not and could not be brought in contract."

This action is squarely based upon the existence of a joint contract made by defendants and the breach thereof by them; the manner of its breach is not at all determinative of the nature of the suit.

Being an action for breach of contract the six-year Statute of Limitations applies. (Civ. Prac. Act, § 48, subd. 1.)

This motion and the affidavit on which it is based are directed solely to the defense of the Statute of Limitations to the cause of action pleaded. We are, therefore, limited to the determination of that question alone.

It is proper, however, to point out that in so deciding we are concluded by the allegations of the complaint in its present form. There is, however, a manifest inconsistency in the pleading. The 2d paragraph of the complaint sets forth that " the defendant Westchester Racing Association, owned, managed, operated and controlled, a certain place of interest known as Belmont Park." The 3d paragraph sets forth that " the defendant John Sanford was the owner of the yearling or young horse, hereinafter referred to."

The allegation contained in the 4th paragraph, above quoted, that the defendants received plaintiff's admission fee to the park and gave him a license to enter same and see the contests there exhibited by defendant and promised to safely protect and carefully treat him while therein, is a statement of fact entirely inconsistent with the preceding allegations that defendant association owned, operated and controlled the park, and, therefore, alone

**152** Devlin *v.* N. Y. Mutual Casualty Taxicab Ins. Assn.

First Department, May, 1925. [Vol. 213

would have the right to grant such a license. How the defendant Sanford, by owning a horse, could acquire any right or interest in the park, or receive the admission fee thereto, or contract to protect plaintiff while therein, is a matter of pure speculation on which the complaint is silent. The allegations, it seems to me, are manifestly inconsistent and repugnant. Either the association alone made the contract, in which case it would be solely liable thereon, or Sanford had some property interest in the park, or some contract therein with its owner, which gave him a right to join in the making of the contract alleged by plaintiff, or Sanford could be held responsible for some negligence in the care or control of the horse owned by him, which would be quite separate and apart from the contract for plaintiff's safety made by the owner of the park, in which event Sanford would be liable only for negligence and the Statute of Limitations would have run.

But we are now concerned only with the Statute of Limitations urged as a defense to an action based, not on negligence, but on an alleged contract made by defendants jointly, and in the present state of the pleadings and in view of the kind of motion made by Sanford, that defense is not a bar to the action.

The order appealed from should, therefore, be affirmed, with ten dollars costs and disbursements to the respondent.

Clarke, P. J., concurs.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.