[Civ. No. 6837. First Appellate District, Division Two.—September 25, 1929.]

NELLIE MacDONALD, Respondent, v. REICH & LIEVRE, INC., a Corporation, Appellant.

738

Leon Samuels for Appellant.

Frederic C. Benner for Respondent.

KOFORD, P. J.—Plaintiff recovered judgment for the sum of $600 paid by her and her assignor for the purchase from defendant corporation of six shares of its preferred stock. The stock was sold and purchased in the state of California at a time when the said corporation did not have a permit from the corporation commissioner of California to sell the same. Under the terms of section 12 of the California Corporate Securities Act (Deering's Gen. Laws 1923, Act 3814) the sale was void, the stock was void, and, in reality, the plaintiff and her assignor never became stockholders in the corporation.

The plaintiff's complaint was in the form of a common count of indebtedness for money had and received within two years last past. The defendant did not plead the statute of limitations by demurrer. The complaint upon its face would be good against such a demurrer. In its answer, however, defendant pleaded all of the several sections

of the Code of Civil Procedure prescribing periods of limitation for the commencement of actions.

According to the evidence and stipulations of fact at the trial, the stock was purchased and issued in 1922. Some of it was paid for in installments of $20 per month. The last payment was made at the end of June, 1923. This action was commenced June 22, 1927. A period of more than four years, therefore, elapsed between the purchase and payment of the stock and the commencement of the action, with the possible exception of the last $20 payment, which was approximately three years and eleven months prior to the commencement of the action. The court gave plaintiff judgment notwithstanding the pleas of the statute of limitations. Defendant appeals upon the ground that the court should have sustained this defense.

Respondent contends that the proper period of limitation for this action is prescribed by Code of Civil Procedure, section 338, subdivision 4, to wit, three years after the discovery of the fraud or mistake when the action is one for relief upon the ground of fraud or mistake. The respondent and her assignor testified that they were employees working in the appellant's stores at the time of the purchase of the stock and continuously thereafter, and that in January, 1927, in a conversation between the employees in the store they heard for the first time that the stock was void and that it was possible to recover back the money paid therefor.

Appellant claims: First, that the action is one on implied contract and not an action for relief upon the ground of fraud or mistake; and second, that respondent may not rely upon the testimony to the effect that she and her assignor did not discover the invalidity of the stock until January, 1927, because she did not plead this in her complaint. Appellant relies upon those cases which state that one asking for relief against fraud after three years has elapsed must plead in his complaint the time and circumstances of the discovery of the fraud. (16 Cal. Jur. 624.) These cases usually deal with the sufficiency of complaints which show upon their face that three years have elapsed since the date of the fraud. Here, however, the complaint being in the form of a common count, did not show on its face that three years had elapsed since the date of the fraud. On the other hand, it has been held that since

the plaintiff is not allowed a replication to the defendant's plea (Code Civ. Proc., sec. 462), the plaintiff, without pleading it, may introduce evidence upon rebuttal in avoidance of the plea of the statute of limitations, such as evidence of concealment of fraud. (*Fox* v. *Tay*, 89 Cal. 339 [23 Am. St. Rep. 494, 24 Pac. 855, 26 Pac. 897]; *Tarke* v. *Bingham*, 123 Cal. 163 [55 Pac. 759]; *Lightner Min. Co.* v. *Lane*, 161 Cal. 689 [Ann. Cas. 1913C, 1093, 120 Pac. 771]; 16 Cal. Jur. 616.) ■ It is not to be doubted, in fact appellant concedes, that the common count may be used in an action of this kind. (17 Cal. Jur. 616; *Minor* v. *Baldridge*, 123 Cal. 187 [55 Pac. 783].) ■ The pleading of the facts, circumstances and time of the discovery of the fraud and mistake belong more properly to a complaint of a kind which sets out all the facts and it would seem to have no place in a complaint declaring upon a common count. Such a plea is not a part of the cause of action and when it appears in a complaint it should be regarded as alleged either to anticipate a defense or to avoid the plea of the statute of limitations by demurrer when the complaint would otherwise appear on its face to be barred by the statute. We may add that it has been held that the omission of this matter from a complaint directly declaring upon fraud will not be held prejudicial error after trial and judgment where the plea of the statute is raised by answer and not by demurrer. (*Victor Oil Co.* v. *Drum*, 184 Cal. 226 [193 Pac. 243].)

■ Appellant also claims that the public records of the state of California would have shown the plaintiff and her assignor at any time that the purchased stock was void and that, therefore, they were not diligent in failing to discover the fraud sooner. They were employed as saleswomen in the stores of the defendant corporation and no fact has been suggested from the evidence which would or should have aroused their suspicion or shaken their confidence in their employer. "Where no duty is imposed by law upon a person to make inquiry, and where under the circumstances 'a prudent man' would not be put upon inquiry, the mere fact that means of knowledge are open to a plaintiff, and he has not availed himself of them, does not debar him from relief when thereafter he shall make actual discovery. The circumstances must be such that the inquiry becomes a duty,

and the failure to make it a negligent omission. (*Bank of Mendocino* v. *Baker*, 82 Cal. 114 [6 L. R. A. 833, 22 Pac. 1037] ; *Prouty* v. *Devin*, 118 Cal. 258 [50 Pac. 380].) In this case, though means of information were open to the plaintiff, it does not appear that there was any duty devolving upon him to make use of them. Nothing had occurred to excite his suspicion, or to put him upon inquiry, and for these reasons, under the facts of this case, we think the finding of the court sufficient and sufficiently supported by the evidence.'' (*Tarke* v. *Bingham*, 123 Cal. 163, 166 [55 Pac. 759, 760] ; see, also, *Victor Oil Co.* v. *Drum*, 184 Cal. 226, 241 [193 Pac. 243].)

The discovery of the invalidity of the stock was not merely a discovery of the provisions of law which respondent and her assignor were presumed to know, but it was likewise a discovery of the fact that the stock had been issued and sold without a permit.

No doubt the form of the action is one upon an implied contract, but the criterion for determining the particular statute of limitations applicable, is not the form of the action, but the substance of it and the nature of the right, the violation of which creates the right of action. This is particularly true in those jurisdictions where common-law forms of action have been abolished. (*Bates* v. *Bates Machine Co.*, 230 Ill. 619 [12 Ann. Cas. 175, 82 N. E. 911] ; *Union Tool Co.* v. *Farmers' etc. Nat. Bank*, 192 Cal. 40 [28 A. L. R. 1417, 218 Pac. 424] ; *Bell* v. *Bank of California*, 153 Cal. 234 [94 Pac. 889] ; *Miller & Lux* v. *Batz*, 131 Cal. 402 [63 Pac. 680] ; *Lord* v. *Morris*, 18 Cal. 482.)

The substance and nature of the right which gave respondent a cause of action in this case was not contract. Appellant never in fact and reality agreed to pay back the money received for the stock. The contract implied by law is merely a fiction of law and does not, therefore, go to the substance of this cause of action. A fiction of law is introduced to promote justice, not to work a wrong contrary to the real truth and substance of the thing. (*Hibberd* v. *Smith*, 67 Cal. 547, at 561 [56 Am. Rep. 726, 4 Pac. 473, 8 Pac. 46].) If all the facts of this case had been set forth in the complaint in detail instead of recourse having been had to the common count, it would readily have appeared that plaintiff's cause of action was based upon either fraud

or mistake. ██ When a corporation issues to the public certificates of stock, regular on their face, it amounts substantially to a representation that the certificates are regular and valid. Certificates of stock so issued by a corporation, but which were irregular or void for reasons not participated in by the stockholder, have been held to amount to a misrepresentation and fraud upon the part of the corporation officials for which the corporation is answerable. (*Green* v. *Caribou Oil Min. Co.*, 179 Cal. 787 [178 Pac. 950] ; *Sykes* v. *Pure Food Cider Co.*, 157 Iowa, 601 [138 N. W. 554] ; *Windram* v. *French*, 151 Mass. 547 [8 L. R. A. 750, 24 N. E. 914].)

In *Union Tool Co.* v. *Farmers' Nat. Bank, supra,* the action was by a depositor to recover from the bank money deposited, but which had been paid out by the bank upon a forged or raised check. The court held that the substance and gravamen of the action were based upon the payment of a forged or raised check and, therefore, governed by Code of Civil Procedure, section 340, and was not governed by Code of Civil Procedure, section 348, relating to an action to recover money deposited with a bank. There is a strong analogy between that case and the instant one. The action for recovery of money by the depositor corresponds to an action by this plaintiff upon an implied contract for the return of the money paid for the void certificates of stock, while the action based upon the payment of a forged check would correspond to an action by this plaintiff based upon the fraud or mistake of the corporation in selling the stock to her without authority to do so.

██ We conclude, therefore, that the statute of limitations prescribed for this cause of action is that contained in Code of Civil Procedure, section 338, subdivision 4, and that under the terms of that section the action was not barred at the time it was commenced. ██ The court omitted to make a separate finding upon the statute of limitations, but the error in so doing will not be held reversible because the evidence at the trial was such that if a finding had been made on this issue it must necessarily have been adverse to appellant. (24 Cal. Jur. 944.)

The judgment is therefore affirmed.

Sturtevant, J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 25, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 21, 1929.

All the Justices concurred.