(No. 5860. June 24, 1932.)

COMMON SCHOOL DISTRICT No. 18, IN THE COUNTY OF TWIN FALLS, STATE OF IDAHO, Appellant, v. TWIN FALLS BANK AND TRUST COMPANY, a Corporation, Respondent.

[12 Pac. (2d) 774.]

Sweeley & Sweeley, for Appellant.

Frank L. Stephan and J. H. Blandford, for Respondent.

LEEPER, J.—The complaint charges the defendant bank with wrongfully acquiring certain funds of the plaintiff district, the wrongful nature of the taking having heretofore been established in two companion cases recently decided by this court. (*Common School Dist. No. 27 v. Twin Falls Nat. Bank*, 50 Ida. 668, 299 Pac. 662; *Common School Dist. No. 61 v. Twin Falls Bank & Trust Co.*, 50 Ida. 711, 4 Pac. (2d) 342.) The conversion occurred on the nineteenth day of October, 1926. This action was filed on May 15, 1930, less than four years but more than three years after the event. The complaint sets forth the facts and prays for a money judgment. A demurrer was interposed, setting forth that the action was barred under the provisions of subdivisions 3 and 4, sec. 6611, of the Idaho Compiled Statutes—the three-year statute of limitations—which was sustained. Thereafter the plaintiff sought to amend, by adding to the complaint allegations charging money had and received and an implied contract to repay, together with lack of knowledge of the wrongful taking within three years prior to the filing of this action. This complaint was stricken on the ground that plaintiff had elected to sue in tort and was therefore precluded from amending the complaint so as to charge a breach of an implied contract. This appeal is pursued from the orders sustaining the demurrer and striking the amended complaint.

This action is based upon a wrongful conversion, no matter what form the action may take. Appellant takes the position that its original complaint sounds in contract, and seeks to make this more certain by the proposed amendment. It is true that plaintiff may either sue in tort or may waive the tort and sue upon the implied contract for money had and received. The election is immaterial so far as an application of the appropriate statute of limitations is concerned, since the substance of the action governs the latter consideration and not the form. Plaintiff alleges in detail the facts of the conversion perpetrated by the defendant, and seeks recovery therefor. Whether the original com-

plaint sounded in tort or in contract, the applicable statute of limitations is C. S., sec. 6611, which provides, *inter alia,*
"Within three years: . . . .

"3. An action for taking, detaining or injuring any goods or chattels, including actions for the specific recovery of personal property.

"4. An action for relief on the ground of fraud or mistake. The cause of action in such case not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake."

See *Havird v. Lung,* 19 Ida. 790, 115 Pac. 930; 16 Cal. Jur. 446, sec. 54.

Construing correlative statutes, the court of appeals of California said this:

"No doubt the form of the action is one upon an implied contract, but the criterion for determining the particular statute of limitation applicable is, not the form of the action, but the substance of it and the nature of the right, the violation of which creates the right of action. This is particularly true in those jurisdictions where common-law forms of action have been abolished. *Bates v. Bates Machinery Co.,* 230 Ill. 619, 82 N. E. 911, 12 Ann. Cas. 175; *Union Tool Company v. Farmers', etc., Nat. Bank,* 192 Cal. 40, 28 A. L. R. 1417, 218 Pac. 424; *Bell v. Bank of California,* 153 Cal. 234, 94 Pac. 889; *Miller & Lux v. Batz,* 131 Cal. 402, 63 Pac. 680; *Lord v. Morris,* 18 Cal. 482.

"The substance and nature of the right which gave respondent a cause of action in this case was not contract. Appellant never in fact and reality agreed to pay back the money received for the stock. The contract implied by law is merely a fiction of law and does not, therefore, go to the substance of this cause of action. A fiction of law is introduced to promote justice, and not to work a wrong contrary to the real truth and substance of the thing." (*MacDonald v. Reich & Lievre,* 100 Cal. App. 736, 281 Pac. 106.)

This rule has been sustained in a long line of California cases decided both before and after the foregoing, and hereafter noted.

The statute says ''an action.'' It does not place the limitation upon an action in tort, but upon any action based upon a wrongful taking, detaining or injuring goods or chattels, or for relief on the ground of fraud or mistake. Any other conclusion would lead to an anomalous situation, with both a three-year and a four-year limitation applying to the same action, depending merely upon the form in which the pleader chose to cast his complaint. While there is conflict in the authorities, the rule which we have announced appears to be sustained both by the weight of authority and the better reasoning.[1]

1 UNITED STATES: *Atlantic & Pacific Ry. Co. v. Laird*, 164 U. S. 393, 17 Sup. Ct. 120, 41 L. ed. 485; *Bank of Grottoes v. Brown*, 8 Fed. (2d) 321; *Chalmers v. Southern Pac. Ry. Co.*, 8 Fed. (2d) 480; *Baltimore & Ohio Ry. Co. v. Reed*, 223 Fed. 689.

CALIFORNIA: *Gum v. Allen*, 119 Cal. App. 293, 6 Pac. (2d) 311; *Pacific National Bank of San Francisco v. Corona Nat. Bank*, 113 Cal. App. 366, 298 Pac. 144; *MacDonald v. Reich & Lievre*, 100 Cal. App. 736, 281 Pac. 106; *Wetzel v. Pius*, 78 Cal. App. 104, 248 Pac. 288; *Union Tool Co. v. Farmers & Merchants Nat. Bank*, 192 Cal. 40, 28 A. L. R. 1417, 218 Pac. 424; *Kelsey v. Tracy*, 42 Cal. App. 409, 183 Pac. 668; *Harding v. Liberty Hospital Corp.*, 177 Cal. 520, 171 Pac. 98; *Marty v. Somers*, 35 Cal. App. 182, 169 Pac. 411; *Krebenios v. Lindauer*, 175 Cal. 431, 166 Pac. 17; *Basler v. Sacramento Electric, Gas & Ry. Co.*, 166 Cal. 33, 134 Pac. 993; *Bell v. Bank of California*, 153 Cal. 234, 94 Pac. 889; *Lowe v. Ozmun*, 137 Cal. 257, 70 Pac. 87; *Denning v. State*, 123 Cal. 316, 55 Pac. 1000; *Horton v. Jack*, 4 Cal. Unrep. 758, 37 Pac. 652; *Lord v. Morris*, 18 Cal. 482.

ILLINOIS: *Handtoffski v. Chicago Consol. Traction Co.*, 274 Ill. 282, 113 N. E. 620; *Bates v. Bates Machinery Co.*, 230 Ill. 619, 12 Ann. Cas. 174, 82 N. E. 911.

IOWA: *Wilson v. Stever*, 202 Iowa, 1396, 212 N. W. 142.

KANSAS: *Ericson v. Charles*, 108 Kan. 205, 194 Pac. 652; *Orozem v. McNeill*, 103 Kan. 429, 3 A. L. R. 1598, 175 Pac. 633.

KENTUCKY: *Howard v. Middlesborough Hospital*, 242 Ky. 602, 47 S. W. (2d) 77; *Cravens v. Louisville & N. Ry. Co.*, 188 Ky. 579, 222 S. W. 930.

In this view of the case it becomes unnecessary to determine whether or not the amendment definitely charging a breach of an implied contract offered by appellant was erroneously rejected. The appellant also sought to amend by alleging that it did not discover the conversion until within the three-year period. The fact of discovery becomes controlling only when the action is based upon the ground of fraud or mistake, and does not have any application to a mere tortious taking which does not involve fraud in its commonly accepted significance.

"This is not 'an action for relief on the ground of fraud or mistake' under the fourth subdivision of section 4054 (Now C. S., Sec. 6611), in which case the cause of action is 'not to be deemed to have accrued until the discovery by

LOUISIANA: *Stephenson v. New Orleans Ry. & Light Co.*, 165 La. 132, 115 So. 412; *Carey v. Commonwealth Building & Loan Co.*, 145 La. 1, 81 So. 734.

NEW YORK: *Monahan v. Devinney*, 223 App. Div. 547, 229 N. Y. Supp. 60; *Horowitz v. Bogart*, 218 App. Div. 158, 217 N. Y. Supp. 881; *Hermes v. Westchester Racing Assn.*, 213 App. Div. 147, 210 N. Y. Supp. 114; *Hurlburt v. Gillett*, 96 Misc. Rep. 585, 161 N. Y. Supp. 994; Id., 176 App. Div. 893, 162 N. Y. Supp. 1124; *Webber v. Herkimer & M. St. Ry. Co.*, 109 N. Y. 311, 16 N. E. 358.

OKLAHOMA: *Seanor v. Browne*, 154 Okl. 222, 7 Pac. (2d) 627; *Herron v. Miller*, 96 Okl. 59, 220 Pac. 36; *Fort Smith & W. Ry. Co. v. Ford*, 34 Okl. 575, 126 Pac. 745, 41 L. R. A., N. S., 745.

PENNSYLVANIA: *Landes v. Borough of Norristown*, (Pa. Supp.) 13 Atl. 189.

RHODE ISLAND: *Griffin v. Woodhead*, 30 R. I. 204, 74 Atl. 417.

TENNESSEE: *Bodne v. Austin*, 156 Tenn. 353, 62 A. L. R. 1410, 2 S. W. (2d) 100.

TEXAS: *Kelly v. Western Union Tel. Co.*, 17 Tex. Civ. App. 344, 43 S. W. 532.

VIRGINIA: *Birmingham v. Chesapeake & O. Ry. Co.*, 98 Va. 548, 37 S. E. 17; *Grubb's Admr. v. Sult*, 32 Gratt. 203, 34 Am. Rep. 765.

WISCONSIN: *Klingbeil v. Saucerman*, 165 Wis. 60, 1 A. L. R. 1311, 160 N. W. 1051.

The minority rule is expressed in the following cases:

UNITED STATES: *Payne v. Ostrus*, 50 Fed. (2d) 1039, 77 A. L. R. 531; *Hughes v. Reed*, 46 Fed. (2d) 435; *Lipman, Wolfe & Co.*

the aggrieved party of the facts constituting the fraud or mistake,' as this subdivision applies only to actions for fraud or mistake within the common acceptance of this term, . . . '' (*Havird v. Lung, supra.*)

 This is not an action for fraud or mistake within the common acceptance of those terms. It is an action for a misappropriation, whatever be its form, and the subject matter of the amendment was immaterial for any purpose. Counsel for appellant has called our attention to *Bannock County v. Bell,* 8 Ida. 1, 101 Am. St. 140, 65 Pac. 710, and *Prewett v. First Nat. Bank of Hagerman,* 45 Ida. 451, 262 Pac. 1057, as authority for the proposition that an action to recover funds unlawfully converted falls within the four-year limitation (C. S., sec. 6617), as being for relief not otherwise provided for. In *Bannock County v. Bell,* the point decided was that the statute of limitations runs against the state. In *Prewett v. First Nat. Bank, supra,* the court held that neither C. S., sec. 6610 nor 6611 applied to misappropriations of deposits by a bank, but that the

---

*v. Phoenix Assur. Co.,* 258 Fed. 544; *Cockrill v. Cooper,* 86 Fed. 7; *Missouri Sav. & Loan Co. v. Rice,* 84 Fed. 131.

ALABAMA: *Sellers v. Noah,* 209 Ala. 103, 95 So. 167.

ARKANSAS: *St. Louis, I. M. & S. Ry. Co. v. Mynott,* 83 Ark. 6, 102 S. W. 380; *St. Louis, I. M. & S. Ry. Co. v. Sweet,* 63 Ark. 563, 40 S. W. 463.

CONNECTICUT: *Hickcy v. Slattery,* 103 Conn. 716, 131 Atl. 558.

GEORGIA: *Patterson v. Augusta & S. Ry. Co.,* 94 Ga. 140, 21 S. E. 283.

ILLINOIS: *Keirsey v. McNeemer,* 197 Ill. App. 173. (In conflict with the cases cited under the majority rule.)

INDIANA: *Staley v. Jameson,* 46 Ind. 159, 15 Am. Rep. 285. (The force of this decision is practically destroyed by *Feary v. Hamilton,* 140 Ind. 45, 39 N. E. 516, and *Boor v. Lowry,* 103 Ind. 468, 53 Am. Rep. 519, 3 N. E. 151. See, also, *Baltimore & O. Ry. Co. v. Reed,* 223 Fed. 689.)

IOWA: *Matthys v. Donelson,* 179 Iowa, 1111, 160 N. W. 944. (In conflict with case cited *supra.*)

KANSAS: *Trousdale v. American,* 124 Kan. 614, 261 Pac. 826. (Conflicting with Kansas cases cited *supra.*)

period was governed by C. S., secs. 6616 and 6617. Whatever was said in either case relative to the four-year period was unnecessary to a decision of the controlling question, and it is our present view that the three-year period applies to all actions involving the tortious taking, detaining or injuring of personal property. (*Lowe v. Ozmun,* 137 Cal. 257, 70 Pac. 87; *Allsopp v. Joshua Hendy Mach. Works,* 5 Cal. App. 228, 90 Pac. 39; *Deetz v. Cobbs & Mitchell Co.,* 120 Or. 600, 253 Pac. 542; *Reese v. Qualtrough,* 48 Utah, 23, 14 A. L. R. 94, 156 Pac. 955.) As stated in *Havird v. Lung, supra,* if the taking was originally wrongful, no demand is necessary before bringing suit. If the original possession is rightful, then a demand is required. In the first instance the statute begins to run from the date of taking; in the latter case from the date of demand. (16 Cal. Jur. 525, sec. 124.)

The judgment is affirmed. Costs to respondent.

Givens and Varian, JJ., and Sutton, D. J., concur.

Budge, J., concurs in conclusions reached.

KENTUCKY: *Menefee v. Alexander,* 107 Ky. 279, 53 S. W. 653 (overruled in *Howard v. Middlesborough Hospital Corp., supra*); *Western Union Tel. Co. v. Witt,* 33 Ky. Law Rep. 685, 110 S. W. 889.

LOUISIANA: *American Heating & Plumbing Co. v. West End Country Club,* 171 La. 482, 131 So. 466; *Liles v. Barnhart,* 152 La. 419, 93 So. 490; *Sims v. New Orleans Ry. & Light Co.,* 134 La. 897, 64 So. 823. (Conflicting with Louisiana cases cited *supra.*)

MINNESOTA: *Burke v. Mayland,* 149 Minn. 481, 184 N. W. 32; *Finch v. Bursheim,* 122 Minn. 152, 142 N. W. 143.

MONTANA: *Stagg v. Stagg,* 90 Mont. 180, 300 Pac. 539.

MICHIGAN: *Christy v. Farlin,* 49 Mich. 319, 13 N. W. 607.

NEW YORK: *Williams v. Flagg Storage Warehouse Co.,* 128 Misc. Rep. 566, 220 N. Y. Supp. 124. (In apparent conflict with New York cases cited *supra.*)

OHIO: *Gilette v. Tucker,* 67 Ohio St. 106, 93 Am. St. Rep. 639, 65 N. E. 865.

TENNESSEE: *Whitaker v. Poston,* 120 Tenn. 207, 110 S. W. 1019 (overruled, *Bodne v. Austin, supra*).