[L. A. No. 7441. In Bank.—March 2, 1923.]

## GEORGIA MORGAN, Respondent, v. RICHARD MORGAN, Appellant.

[1] Divorce — Statute of Limitations — Section 343, Code of Civil Procedure.—Section 343 of the Code of Civil Procedure, which provides that all actions other than those specified in the preceding sections of that code relating to the time of the commencement of actions must be commenced within four years from and after the time of the accrual of the cause of action, has no application to divorce actions, for the reason that section 127 of the Civil Code, dealing specifically with actions for divorce, provides 'that there shall be no limitation of time for the commencement of actions for divorce except such as are contained in section 124 of the Civil Code.

[2] Id.—Incarceration of Defendant in Asylum—Delay in Bringing Action—When not Unreasonable.—In an action for divorce upon the ground of habitual intemperance of the husband, where the latter was incarcerated in an insane asylum on account of alcoholism for nearly five years after the accrual of the cause of action, a delay of nearly three years in bringing the action after the discharge of the defendant is not so unreasonable as to make it imperative upon the court to deny the divorce. This is so notwithstanding the fact that plaintiff might, perhaps, have commenced suit against defendant after he was committed to the institution and while he was still an inmate.

---

2. Action for divorce on grounds of habitual drunkenness, notes, Ann. Cas. 1912C, 655; 34 L. R. A. 449.

[3] ID.—PRESUMPTION OF COLLUSION—REBUTTAL.—It is not necessary, in order to rebut the presumption of connivance, collusion, or condonation, provided for in section 125 of the Civil Code, that a showing of legal disability be made. If the evidence adduced tends to show that the delay, which in the absence of explanation would seem unreasonable, was in fact, under all the circumstances, reasonable, that is sufficient.

[4] ID.—POLICY OF LAW.—It is not the policy of the law to encourage divorces.

[5] APPEAL—FINDINGS—EVIDENCE—PRESUMPTION.—In the absence of a record on appeal showing the evidence, the presumption is that there was evidence offered and received in the case fully supporting the findings of the trial court.

APPEAL from a judgment of the Superior Court of Los Angeles County. Louis W. Myers, Judge. Affirmed.

The facts are stated in the opinion of the court.

William Ellis Lady for Appellant.

Willis Oliver Tyler for Respondent.

LENNON, J.—This is an appeal from a judgment granting to respondent herein a decree of divorce from her husband on the ground of habitual intemperance, and incidentally thereto adjudicating certain property rights. Plaintiff's alleged cause of action for divorce on the ground of habitual intemperance had accrued prior to October, 1912, at which time plaintiff and defendant separated and have ever since lived separate and apart. The complaint alleged that "said defendant used intoxicating liquors for more than one year prior to the twenty-second day of October, 1912, to such an extent that he was wholly incapacitated from attending to any labor, work, or business." In December of 1912, the same year, defendant was apprehended on a complaint charging him with insanity and was found to be suffering from alcoholism. He was committed to the state hospital for the insane at Patton and remained there until June, 1913, at which time he was paroled. He immediately resumed the use of intoxicating liquors and was recommitted to the institution in August, 1913, where he remained until the spring of 1917, when he was again paroled. In February, 1918, he was finally discharged.

The sole point presented in support of the appeal which comes here on the judgment-roll alone is that plaintiff's cause of action was barred by section 124 of the Civil Code and section 343 of the Code of Civil Procedure.

[1] Section 343 of the Code of Civil Procedure, which provides that all actions other than those specified in the preceding sections of that code relating to the time for the commencement of actions must be commenced within four years from and after the time of the accrual of the cause of action, has no application to divorce actions, for the reason that section 127 of the Civil Code, dealing specifically with actions for divorce, provides that there shall be no limitation of time for the commencement of actions for divorce except such as are contained in section 124 of the Civil Code.

Section 124 of the Civil Code provides that a divorce must be denied: (1) When the cause is adultery and the action is not commenced within two years after the commission of the act of adultery or after its discovery by the injured party; (2) when the cause of action is conviction of a felony and the action is not commenced before the expiration of two years after a pardon or the termination of the period of sentence; and (3) in all other cases when there is an unreasonable lapse of time before the commencement of the action. It is upon the latter provision, of course, that the appeal of defendant is based.

An unreasonable lapse of time is defined by section 125 of the same code as "such a delay in commencing the action as establishes the presumption that there has been connivance, collusion, or condonation of the offense, or full acquiescence in the same, with intent to continue the marriage relation notwithstanding the commission of such offense." Section 126 provides that the presumption arising from lapse of time "may be rebutted by showing reasonable grounds for the delay in commencing the action."

[2] Having in mind the ground for divorce, habitual intemperance, and the fact of the incarceration of defendant in an institution for the insane for practically the entire period after the accrual of the action for divorce until the spring of 1918, there has not been, in our opinion, such an unreasonable lapse of time as makes it imperative upon the court to deny the decree of divorce.

This is so notwithstanding the fact that plaintiff might, perhaps, have commenced suit against the defendant after he was committed to the institution and while he was still an inmate. (*Harrigan* v. *Harrigan,* 135 Cal. 397 [87 Am. St. Rep. 118, 67 Pac. 506].) [3] It is not necessary, in order to rebut the presumption of connivance, collusion, or condonation, that a showing of legal disability be made. If the evidence adduced tends to show that the delay, which in the absence of explanation would seem unreasonable, was in fact, under all of the circumstances, reasonable, that is sufficient.

Had there been merely an allegation of the accrual of a cause of action in October, 1912, the lapse of nine years unexplained would have raised the presumption of connivance, collusion, condonation, or acquiescence in the wrong. But in the case at bar this lapse of time is fully explained by circumstances which show reasonable grounds for the delay in commencing the action and thus overcomes such a presumption.

[4] It is not the policy of the law to encourage divorces. (*Pereira* v. *Pereira,* 156 Cal. 1 [134 Am. St. Rep. 107, 23 L. R. A. (N. S.) 880, 103 Pac. 488].) To hold that the aggrieved party cannot hope for reformation and exhaust all means for accomplishing it before attempting to break, judicially, the marriage bonds under penalty of forfeiting the right to a divorce if all efforts fail, is to place a premium upon undue haste to dissolve the marriage tie and to discourage that tolerance, patience, and forbearance which may lead to a permanent reconciliation and the preservation of the integrity of the marriage relation. To so hold would be contrary to the well-recognized interest of the state in the permanency of the relation of marriage. So, therefore, it may be said that the admitted fact that the defendant was for nearly six years in the custody and under the control of an institution for insanity, suffering from alcoholism, and that during that period he was actually incarcerated therein for nearly five years, adequately explains the delay occurring during that period in commencing the action. The inference deducible from that delay is not that there was connivance or collusion, but that there was simply a withholding by the plaintiff of either condonation or condemnation.

With reference to the remaining three years during which time the plaintiff might have instituted her action, it will suffice to say that the trial court found that there was no unreasonable delay in the bringing of the action. At least this is the finding to be implied from the findings in favor of the plaintiff and which formed the basis of the decree of divorce. [5] And in the absence of a record showing the evidence the presumption is that there was evidence offered and received in the case fully supporting the findings of the trial court.

Judgment affirmed.

Seawell, J., Kerrigan, J., Lawlor, J., Wilbur, C. J., and Waste, J., concurred.