PAJARO DUNES RENTAL AGENCY, INC., Plaintiff—Appellee,

v.

PAJARO DUNES ASSOCIATION, a corporation, Defendant—Appellant.

Pajaro Dunes Rental Agency, Inc., Plaintiff—Appellant,

v.

Pajaro Dunes Association, a corporation, Defendant—Appellee.

In re: Pajaro Dunes Rental Agency, Inc., Debtor,

Pajaro Dunes Rental Agency, Inc.,
Plaintiff-counter-defendant—
Appellee,

v.

Pajaro Dunes Association, a corporation, Defendant-counter-claimant—Appellant.

No. 02–15060, 02–15073, 02–15495.
D.C. No. CV–97–02516–WHO.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 15, 2003.

Decided Aug. 21, 2003.

Before REINHARDT, SILER,[1] and HAWKINS, Circuit Judges.

MEMORANDUM *

Pajaro Dunes Association ("the Association") appeals the judgment following a jury verdict in favor of Pajaro Dunes Rental Agency, Inc. ("PDRA") on the Association's damages claim for loss of use of an office building, pursuant to an agree-

1. Honorable Eugene E. Siler, Jr., Senior Judge for the United States Circuit Court of Appeals for the Sixth Circuit, sitting by designation.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ment with PDRA whereby PDRA was to construct the building and deed it to the Association either upon the expiration of the term of the agreement or immediately upon termination following PDRA's commission of a "major breach." The Association's loss-of-use claim was all that remained for trial, as the district court had granted summary judgment to the Association on all of PDRA's claims against it and on all of the Association's other counterclaims. The Association contends that the district court erred in: (1) jury instructions; (2) barring expert testimony on the fair rental value of the building; and (3) denying the Association's motion for attorney's fees.

PDRA cross-appeals the district court's grant of summary judgment to the Association based upon its finding that PDRA breached the agreement. Specifically, PDRA contends that: (1) the agreement was void *ab initio* due to the Association's failure to obtain a valid use permit, which was a condition of the agreement; (2) it did not breach the agreement, because the Association repudiated the agreement prior to any alleged breach by PDRA; (3) even if PDRA did breach the agreement and trigger the duty to deed the building to the Association, the Association failed to comply with the required procedure for terminating the agreement and compelling the transfer; and (4) assuming such breach by PDRA, the Association was entitled either to damages or to specific performance, but not both.

We affirm the rulings of the district court.[2] Specifically, we affirm the district court's determination that PDRA was barred from asserting the alleged in-

validity of the 1982 use permit by the statute of limitations contained in section 13.04.135 of the Santa Cruz County Code. *See Pan Pacific Properties, Inc. v. County of Santa Cruz*, 81 Cal.App.3d 244, 146 Cal.Rptr. 428 (1978). This case and its progeny confirm that the language of § 13.04.135, which tracks that of Cal. Gov. Code § 65009, is not confined to actions challenging only "duly enacted" ordinances, but, rather, bars actions attacking the County's decision to issue the challenged use permit. We reject PDRA's assertion that the Association forfeited its right to enforce the agreement by repudiating its obligations thereunder in 1995 and 1996, as PDRA did not elect to treat the Association's actions as a repudiation, and continued to accept the benefits of the agreement.

Moreover, the district court properly disposed of the issues before it that are now the subject of the Association's appeal. The court's decision to allow the Association to proceed to trial to prove its entitlement to sums necessary to supplement the award of specific performance was proper, as were its instructions to the jury. *See S. Jon Kreedman & Co. v. Meyers Bros. Parking–Western Corp.*, 58 Cal.App.3d 173, 184–85, 130 Cal.Rptr. 41, 49 (1976). The district court did not abuse its discretion in excluding the expert witnesses, as the parties provided no "substantial justification" for the failure to disclose them. Fed. R. Civ. Proc. 37(c). Moreover, exclusion of the Association's expert did not amount to a dismissal of the Association's claim.

Finally, we affirm the district court's denial of attorneys' fees to the As-

---

**2.** This court has considered the Association's motion to strike portions of PDRA's reply brief; our ruling is reflected in the substantive rulings on the parties' claims herein.

sociation. The Agreement does not provide for such fees; paragraph 12 of that document is an indemnity clause, one which does not include actions to enforce the contract. *See Myers Building Industries, Ltd. v. Interface Technology, Inc.,* 13 Cal.App.4th 949, 17 Cal.Rptr.2d 242 (1993). The Association is not entitled to fees under 42 U.S.C. § 1988(b) because PDRA's claims were not frivolous, unreasonable, or groundless. Nor does the Davis–Stirling Act provide for fees in this case, which was not an action to enforce the equitable servitudes of the covenants, conditions and restrictions of the development.

AFFIRMED.