Filed 7/24/14  Excelaron v. County of San Luis Obispo CA2/6
### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| EXCELARON, LLC,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>COUNTY OF SAN LUIS OBISPO,<br><br>    Defendant and Respondent. | 2d Civil No. B248051<br>(Super. Ct. No. CV120675)<br>(San Luis Obispo County) |

Excelaron, LLC (Excelaron) applied to the County of San Luis Obispo (the County) for a conditional use permit to drill for oil on County land.  The County denied the application and mailed Excelaron notice of its decision.  Ninety days later, Excelaron filed a writ petition and complaint for inverse condemnation and damages.  Excelaron then waited over a month before serving the action on the County.  The County demurred, asserting that the entire action was barred because it was not both filed and served within 90 days of the County's decision as mandated by Government Code[1] section 65009.  The trial court agreed and accordingly sustained the County's demurrer without leave to amend.

---

[1] Unless otherwise noted, all further undesignated statutory references are to the Government Code.

In appealing the ensuing judgment of dismissal, Excelaron contends the County should be estopped from asserting section 65009 as a defense because the County's notice of decision misled Excelaron to believe the statute did not apply to its action. Excelaron also claims section 65009 is preempted by a County ordinance, and that the County intentionally waived the former's statute of limitations by enacting the latter. Finally, Excelaron asserts that the statute of limitations set forth in section 65009 does not apply to its cause of action for inverse condemnation or its claim that the County violated the California Environmental Quality Act (CEQA) (Pub. Resources Code, § 21000 et seq.) by failing to consider reasonable alternatives to Excelaron's proposed project. We affirm.

FACTS AND PROCEDURAL HISTORY

Excelaron is the owner, lessee, and assignee of claims to mineral estates in an unincorporated area of the County. On July 22, 2009, Excelaron filed an application with the County (the application) for a conditional use permit to drill and operate oil wells on the subject property (the project). The County Planning Commission (the Commission) voted to deny the application on March 8, 2012.[2] Excelaron appealed to the County Board of Supervisors (the Board). On August 21, the Board voted to deny the appeal and uphold the Commission's decision to deny the application.

On August 23, the County mailed Excelaron and its counsel a "Notice of Final County Action on Appeal" (the notice of final action). After advising that the County had taken "final action" on the application, the notice of final action stated: "Pursuant to Section 1.09.040 of the San Luis Obispo County Code, please be advised that the time within which judicial review must be sought is governed by the provisions of California Code of Civil Procedure section 1094.6 and Chapter 1.09 of the San Luis Obispo County Code (copy enclosed)." The enclosed copy of Chapter 1.09 of the San

---

[2] All further date references are to the year 2012.

2

Luis Obispo County Code (Chapter 1.09) included section 1.09.020,[3] which states in pertinent part that "[j]udicial review of any decision subject to the provisions of this chapter and Code of Civil Procedure Section 1094.6 may be had only if the petition for judicial review is filed within ninety days after the decision becomes final . . . ."

On November 19—90 days after the County denied the application—Excelaron filed a petition for writ of mandate and complaint for inverse condemnation against the County. Two days later, Excelaron filed a first amended petition for writ of mandate and complaint for inverse condemnation and damages (the complaint), adding three individual petitioners and plaintiffs who are not parties to the appeal. Both causes of action included an allegation that the County had failed to proceed in the manner prescribed by law by declining to consider alternatives to the project, as required under CEQA. The complaint sought approximately $6.24 billion in damages, which Excelaron estimates to be the value of the oil reserves it would have extracted had the County approved the application.

Excelaron served the complaint on the County on December 28, 129 days after the County's decision. The County demurred on the ground that Excelaron had not served the complaint within 90 days after the County issued its decision, as required under section 65009. Excelaron opposed the demurrer, claiming among other things that the County was estopped from relying on section 65009. The court issued a tentative ruling sustaining the County's demurrer without leave to amend. The court subsequently adopted the tentative ruling as its final ruling, and incorporated the court's response to an additional argument Excelaron raised at the hearing on the demurrer. A judgment of dismissal and notice of entry of judgment followed.

DISCUSSION

Excelaron contends the court erred in sustaining the County's demurrer without leave to amend on the ground that the complaint was not served within 90 days

---

[3] Chapter 1.09 consists of sections 1.09.010, 1.09.020, 1.09.030, and 1.09.040. All of these sections are hereinafter individually referred to by their section number only, and are collectively referred to as Chapter 1.09.

of the County's decision denying Excelaron's application, as required under section 65009. Excelaron argues, as it did below, that (1) the County is equitably estopped from relying on section 65009; (2) section 65009 is preempted by Chapter 1.09; and (3) the County waived section 65009 by enacting Chapter 1.09. Excelaron also reiterates its arguments that section 65009 does not apply to its claim that the County failed to proceed in the manner required by CEQA or its cause of action for inverse condemnation. As we shall explain, none of these contentions has merit.

*Standard of Review*

On appeal from a judgment dismissing an action following the sustaining of a demurrer without leave to amend, our standard of review is de novo, i.e., we exercise our independent judgment to determine whether the action alleges facts sufficient to state a cause of action under any possible legal theory. (*Lafferty v. Wells Fargo Bank* (2013) 213 Cal.App.4th 545, 564 [complaint]; *Royalty Carpet Mills, Inc. v. City of Irvine* (2005) 125 Cal.App.4th 1110, 1118 (*Royalty*) [writ petition].) """We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. . . .". . ."' (*Lafferty*, at p. 564; *Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1189, fn. 1.) We affirm the trial court's ruling if there is any ground upon which the demurrer could have been properly sustained. (*Intengan v. BAC Home Loans Servicing LP* (2013) 214 Cal.App.4th 1047, 1052.)

*Equitable Estoppel*

Section 65009 provides that any action challenging a legislative body's denial of an application for a conditional use permit must be commenced and served upon the legislative body within 90 days of the decision. (§§ 65901, 65009, subd. (c)(1)(E); see *Honig v. San Francisco Planning Dept.* (2005) 127 Cal.App.4th 520, 529 (*Honig*).) "Upon the expiration of the time limits provided for in this section, all persons are barred from any further action or proceeding." (§ 65009, subd. (e); *Honig*, at p. 526.) Section 65009 is strictly construed, such that "service is untimely even if it is only one day late[.]" (*Beresford Neighborhood Assn. v. City of San Mateo* (1989) 207 Cal.App.3d 1180, 1186–1187 (*Beresford*).)

4

Excelaron does not dispute that the complaint challenges the denial of its application for a conditional use permit, or that it failed to both file and serve the complaint in compliance with section 65009. It claims, however, that the County is equitably estopped from relying on section 65009 here because the notice of final action stated "the time within which judicial review must be sought is governed by the provisions of California Code of Civil Procedure section 1094.6 and Chapter 1.09[.]" Code of Civil Procedure section 1094.6 (section 1094.6), which generally applies when a party files a writ petition seeking judicial review of a city, county, or local agency decision, does not impose a deadline for service. Rather, it merely provides (with exceptions not relevant here) that the petition must be filed "not later than the 90th day following the date on which the decision becomes final." (*Id.* at subd. (b).) Chapter 1.09 states that section 1094.6 applies "except where a limitation of actions is otherwise provided by this code," then goes on to restate the very same statute of limitations.[4] (San Luis Obispo County Code, ch. 1.09, § 1.09.010, added by Ord. No. 2403, § 1 (part), 1989.) According to Excelaron, the notice of final action misled it to believe the complaint would be timely so long as it was filed no more than 90 days after the County's decision became final, as provided in section 1094.6 and Chapter 1.09.

Two cases are essentially dispositive of this claim. In *Honig, supra*, 127 Cal.App.4th 520, the notice provided that "'[i]f this decision is subject to review under Code of Civil Procedure [section] 1094.5, then the time within which judicial review must be sought is governed by [section] 1094.6.'" (*Id.* at p. 529, fn. omitted.) In concluding that the application of section 65009 was not barred by equitable estoppel, the

---

[4] Section 1.09.10 states: "Pursuant to the provisions of Section 1094.6 of the Code of Civil Procedure, the provisions of said section are hereby made applicable to the decisions of all commissions, boards, officers and agents of the county, except were a limitation of actions is otherwise provided by this code." Section 1.09.020, which immediately follows, states in pertinent part: "Judicial review of any decision subject to the provisions of this chapter and Code of Civil Procedure Section 1094.6 may be had only if the petition for judicial review is filed within ninety days after the decision becomes final . . . ."

Court of Appeal reasoned among other things that subdivision (g) of section 1094.6 "cautions that section 1094.6 'shall prevail over any conflicting provision in any otherwise applicable law relating to the subject matter, unless the conflicting provision is a state or federal law which provides a shorter statute of limitations, in which case the shorter statute of limitations shall apply.' This subdivision was sufficient to put appellant on notice that a conflicting, shorter limitations provision relating to the subject matter might exist." (*Id.* at pp. 530–531.)

In *Beresford, supra*, 207 Cal.App.3d 1180, the allegedly misleading notice consisted of a footnote in the city council's meeting minutes stating that "[j]udicial review may be had only if a petition is filed with the Court not later than the 90th day following the date the decision is made." (*Id.* at p. 1185.) The court found the city was not estopped from relying on section 65009 because "[t]he notice did not indicate that a timely filing would be sufficient to secure judicial review. It did not purport to address any other requirements for maintaining a legal action, nor did it state that failure to comply with such requirements would be excused." (*Id.* at pp. 1186–1187.)

Excelaron is in no better position here. Although the notice of final action stated that Excelaron's right to judicial review was governed by section 1094.6 and Chapter 1.09, both made clear that a shorter limitations period might apply. (§ 1094.6, subd. (g); San Luis Obispo County Code, ch. 1.09, *supra,* § 1.09.010.)[5] Section 1094.6 also dictated that the notice of final action had to include "notice to the party that the time within which judicial review must be sought is governed by this section." (*Id.* at subd. (f).) Chapter 1.09 similarly requires that "[e]very written decision or notice thereof to

---

**5** Excelaron misreads section 1.09.010's statement that section 1094.6 applies "except where a limitation of actions is otherwise provided by this code." Although Excelaron construes "this code" as a reference to Chapter 1.09 rather than section 1094.6, the former is elsewhere consistently referred to as "this chapter." (San Luis Obispo County Code, ch. 1.09, *supra,* §§ 1.09.020, 1.09.030, subd. (a), 1.09.040.) Moreover, Chapter 1.09 does not "otherwise provide" a limitation of actions, but rather merely adopts section 1094.6's limitations period.

6

which the provisions of this chapter and Section 1094.6 . . . apply shall refer to and be accompanied by (by attachment) a copy of the provisions of this chapter."  (§ 1.09.040.)

The County complied with both provisions.  Although it might be better practice to include a reference to section 65009, the County's failure to do so here provides no basis for us to deem it estopped from asserting the statute as a defense. Excelaron—who has been represented at all relevant times by counsel—was not misled to believe that section 65009 did not apply.  (See *Steinhart v. County of Los Angeles* (2010) 47 Cal.4th 1298, 1316, quoting *Kuntsman v. Mirizzi* (1965) 234 Cal.App.2d 753, 757 ["the law 'particularly' disfavors estoppels 'where the party attempting to raise the estoppel is represented by an attorney at law'"]; see also *Jordan v. City of Sacramento* (2007) 148 Cal.App.4th 1487, 1497 ["The invocation of estoppel is particularly inappropriate where the party seeking it was represented by counsel at the time of the misrepresentation of law"].)  Moreover, nothing in the record indicates that the County sought to foster such a belief.  Excelaron's claim of equitable estoppel thus fails.

*Preemption*

Excelaron alternatively contends the County is precluded from asserting section 65009 as a defense because the statute is preempted by Chapter 1.09.  We have already effectively disposed of this claim to the extent it relies on a misreading of section 1.09.010.  (See *ante*, fn. 4.)  In any event, the claim is defeated by the express language of section 65009, which makes clear that "no action or proceeding" challenging the denial of an application for a conditional use permit "shall be maintained" unless it is filed and served within 90 days of the challenged decision.  (§ 65009, subds. (c)(1) & (c)(1)(E).) Although the statute provides an exception for any law with a shorter limitations period (*id.* at subd. (g)), Chapter 1.09 is not such a law.

Excelaron seeks to avoid this reality by asserting that "[t]he general statutory scheme of which [section ] 65009 is a part explicitly favors local control, and permits local governments to adopt their own review procedures governing land use decisions."  Excelaron then purports to establish the County had the right "to adopt

7

review procedures via local ordinance that are different from [section] 65009's default provisions."[6]

Even if Excelaron could establish that the County had the authority to "opt out" of section 65009, the record affirmatively demonstrates that Chapter 1.09 was not enacted for such a purpose. When Chapter 1.09 was enacted pursuant to Ordinance No. 2403 in 1989, section 1094.6 stated that "[t]his section shall be applicable to a local

---

[6] In attempting to make this showing, Excelaron primarily relies on section 65903. Notwithstanding that the statute on its face merely establishes a county's right to set procedures for *administrative* review of a decision, Excelaron asserts that "[l]ocal ordinances setting the procedures for appeal by *judicial* review appear to be included in the scope of this authorization." (Italics added.) For support, Excelaron cites an unpublished federal case that makes reference to a local county ordinance that "tracked" the language of section 65009. (*Pajaro Dunes Rental Agency, Inc. v. Pajaro Dunes Assn.* (9th Cir. 2003) 73 Fed.Appx. 953, 955.) The case merely notes this fact, however, and makes no mention of section 65903.

Excelaron also relies on *Pan Pacific Properties, Inc. v. County of Santa Cruz* (1978) 81 Cal.App.3d 244 and *Friends of Mammoth v. Board of Supervisors* (1972) 8 Cal.3d 247 (*Friends of Mammoth*), disapproved on another point in *Kowis v. Howard* (1992) 3 Cal.4th 888, 896-897. When those cases were decided, section 65009's predecessor statute (former § 65907) merely provided that actions challenging the denial of a conditional use permit had to be "commenced within 180 days after the date of the decision." The appellant in *Pan Pacific*, who challenged the rezoning of its property, argued that a county ordinance providing a 30-day statute of limitations for judicial review was preempted by state law. In concluding otherwise, the court reasoned that "Chapter 4 of title 7 of the Government Code (§ 65800 et seq.), which authorizes local governments to enact zoning ordinances, contains no limitations periods within which such ordinances must be challenged." (*Pan Pacific*, at p. 252.) That is no longer true in light of section 65009, in which the Legislature made clear its intent to preempt local laws relating to the grant or denial of a conditional use permit as contemplated in section 65901, which is included in the aforementioned Chapter 4. Moreover, the ordinance in *Pan Pacific* expressly excepted all matters governed by section 65009's predecessor, former section 65907. (*Ibid.*)

*Friends of Mammoth* is inapposite because there was no claim or discussion as to whether the local ordinance at issue in the case was preempted by former section 65907. The defendants merely argued that the plaintiffs had failed to comply with the ordinance, and the court held otherwise. (*Friends of Mammoth, supra*, 8 Cal.3d at p. 268.)

agency only if the governing board thereof adopts an ordinance or resolution making this section applicable. If such ordinance or resolution is adopted, the provisions of this section shall prevail over any conflicting provision in any otherwise applicable law relating to the subject matter, unless the conflicting provision is a state or federal law which provides a shorter statute of limitations, in which case the shorter statute of limitations shall apply." (Former § 1094.6, subd. (g).)[7]

The legislative history of Chapter 1.09—of which the trial court took judicial notice at Excelaron's request, and is part of the record on appeal—makes clear that Ordinance No. 2403, which became Chapter 1.09, was enacted for the purpose of "opting in" to section 1094.6. It is equally clear that the County enacted Chapter 1.09 for that very purpose. There is thus no merit in Excelaron's claim that the County intended to create "a different statute of limitations" that was not subject to section 1094.6's exception for state laws with a shorter statute of limitations, such as section 65009.

As a subset of its preemption argument, Excelaron anticipates the County's argument that section 65009 applies because it provides a shorter limitations period than that set forth in Chapter 1.09. In challenging this argument, Excelaron relies on the rule that "a specific limitations provision prevails over a more general provision." (*Creditors Collection Service v. Castaldi* (1995) 38 Cal.App.4th 1039, 1043.) Excelaron then offers, without any legal support, that "[a]n ordinance enacted by a local government to apply to its own decisions is undeniably more specific that a generalized state statute covering the same subject matter, particularly where the same section of state law *authorizes* the local ordinance." Excelaron further asserts that we "should give deference to the County legislative body's considered, official position, as reflected in its enactment of Chapter

---

[7] As the County correctly notes, the legislative history of section 1094.6 indicates the statute was enacted for the very purpose of "giving local agencies . . . the option of adopting, by ordinance or resolution, a 90-day limitation period for seeking judicial review of their administrative decisions." (*Hittle v. Santa Barbara County Employees Retirement Assn.* (1985) 39 Cal.3d 374, 386.)

1.09, that [section] 1094.6's filing and service procedures apply to review of its administrative decisions."

We are not persuaded. As we have explained, the County enacted Chapter 1.09 with the intent to adopt the provisions of section 1094.6. Those provisions include an exception for state laws with shorter statutes of limitations (§ 1094.6, subd. (g)), and section 65009 is such a law.[8] Moreover, section 65009 is more specific than Chapter 1.09. The latter sets forth a general limitations period for judicial review of all County decisions, while the former only applies to a specific set of decisions, including decisions to deny a conditional use permit. (See *Okasaki v. City of Elk Grove* (2012) 203 Cal.App.4th 1043, 1049 [recognizing that section 1094.6 "applies more generally to challenges to local agency decisions" while section 65009 "applies more specifically to this particular challenge to the City's variance decision"].) Excelaron's preemption claim thus fails.

*Waiver*

Excelaron claims "the County cannot seek refuge under [section] 65009 because it waived the protections of that statute when it adopted Chapter 1.09." As we have already explained, the County enacted Chapter 1.09 for the sole purpose of adopting the provisions of section 1094.6. The two are thus essentially one and the same.

---

[8] Excelaron asserts that "[s]ection 1094.6(g) does not . . . address locally enacted ordinances." The statute makes clear, however, that it "prevail[s] over any conflicting provision in any otherwise applicable law relating to the subject matter." (§ 1094.6, subd. (g).) Only state or federal laws with shorter limitations periods are excepted. (*Ibid.*) Chapter 1.09 is not such a law.

Excelaron also attaches significance to the fact that the version of section 65009 in effect when the County enacted Chapter 1.09 provided a 120-day period for filing and service. According to Excelaron, this proves "the County was setting its own [shorter] statute of limitations when it enacted Chapter 1.09." We fail to see how this is so. When Chapter 1.09 was enacted, section 1094.6 provided—as it still does—that its 90-day limitations period was to be preempted by any state or federal law providing a shorter statute of limitations for a given action. (Former § 1094.6, subd. (g).) The fact that section 65009 did not then provide a shorter limitations period is of no moment.

10

According to Excelaron, "the legislative history of Chapter 1.09, of which the trial court properly took judicial notice, raises questions of fact" as to whether the County intended to waive its right to rely on the statute of limitations set forth in section 65009. On the contrary, Chapter 1.09's legislative history sets forth the County's intent to adopt the provisions of section 1094.6. Those provisions include subdivision (g), which provides an exception for state statutes like section 65009 that provide a shorter limitations period. There was no waiver here.

*CEQA Claim*

Excelaron asserts that section 65009 cannot bar its claim that the County failed to proceed in accordance with CEQA by refusing to consider reasonable alternatives to the project. In so arguing, Excelaron overlooks a case that is fatal to its claim. In *Royalty, supra*, 125 Cal.App.4th 1110, the appellant (Royalty) filed a writ petition challenging the city of Irvine's issuance of a conditional use permit to an apartment builder. The trial court sustained the city's demurrer without leave to amend on the ground that Royalty had not complied with section 65009. On appeal, Royalty claimed the trial court should have granted it leave to amend its petition to allege among other things that "the City had improperly delegated discretionary approval for the Project's mitigation measures to other city officials and departments and to other agencies[.]" (*Royalty*, at p. 1124.) Royalty argued that "the amended petition would have challenged the City's failure to comply with CEQA by improperly delegating discretionary approval for certain mitigation measures." (*Id.* at p. 1125.) In disposing of this claim, the Court of Appeal reasoned that "[t]his, too, is an attack on the conditions attached to the conditional use permit, and is time-barred. . . . [S]ection 65009, subdivision (c)(1)(E), by its terms, applies not only to a challenge to the issuance of a conditional use permit, but also to any action to 'determine the reasonableness, legality, or validity of any condition attached to a variance, conditional use permit, or any other permit.'" (*Ibid.*)

Excelaron's claim that the City violated CEQA is even more clearly barred under section 65009. The claim essentially and necessarily challenges the County's

11

decision to deny Excelaron's application for a conditional use permit. Thus, any action or proceeding "[t]o attack, review, set aside, void, or annul any decision" to deny a conditional use permit must be dismissed unless it is filed and served within 90 days of the challenged decision. (§ 65009, subds. (c)(1) & (c)(1)(E).) It thus follows that Excelaron's CEQA claim is time-barred.

*Urban Habitat Program v. City of Pleasanton* (2008) 164 Cal.App.4th 1561, which Excelaron cites, does not compel a different result. The court in that case held section 65009 did not apply to claims that did not challenge the respondent city's decision to enact a housing ordinance, but rather were based on events that took place after the ordinance's enactment. (*Id.* at pp. 1577-1578.) Excelaron's CEQA claim is part and parcel of its attack on the City's decision to deny the application. Accordingly, the claim is not exempted from the filing and service requirements of section 65009.

*Inverse Condemnation*

Excelaron finally contends the court erred in finding that its cause of action for inverse condemnation was barred under section 65009. Excelaron argues that "the inverse condemnation claim is a stand-alone constitutional claim that does not depend on the writ claim for its success, and therefore, even if the demurrer is sustained as to the writ claim, the takings claim survives." Two Supreme Court cases are dispositive of this claim.

In *Hensler v. City of Glendale* (1994) 8 Cal.4th 1 (*Hensler*), the plaintiff filed an action alleging that the City of Glendale's adoption and application of an ordinance restricting the development of his property amounted to a taking. In affirming the dismissal of the action as untimely, the court explained: "If the challenge is to the facial validity of a land-use regulation, the statute of limitations runs from the date the statute becomes effective. [Former] Government Code section 65009 establishes a 120-day period of limitation for such actions. By contrast, if the challenge is to the application of the regulation to a specific piece of property, the statute of limitations for initiating a judicial challenge to the administrative action runs from the date of the final

12

adjudicatory administrative decision.  Government Code section 66499.37[**9**] establishes a 90-day period of limitation for these actions.  Thus, there is no uncertainty regarding the commencement of the period.  Whether the complaint is deemed a facial challenge or an applied challenge, it is untimely."  (*Id.* at p. 22, fns. omitted.)  The court went on to reason:  "When the gravamen of the cause of action is a claim that a land-use ordinance or regulation . . . , or administrative actions taken pursuant to such an ordinance or regulation, has had the effect of 'taking' the plaintiff's property without compensation, the action necessarily challenges the validity either of the ordinance or regulation or of the acts taken by the local agency or appeal board pursuant to the ordinance or regulation."  (*Id.* at p. 24.)  In rejecting the claim that section 66499.37 was "limited to actions for specific relief," the court explained that the statute "includes actions for compensation for a regulatory taking because the validity of the ordinance or its application to the plaintiff's property, if uncompensated, must be determined in the action-i.e., the court must determine if there has been a taking.  Before he or she is entitled to any relief, either compensation or exemption of the property from the development restriction, the plaintiff must establish that the ordinance, regulation, or administrative action is not lawful or constitutionally valid if no compensation is paid.  The action therefore comes within the broad language of section 66499.37."  (*Id.* at p. 25.)

In *Travis v. County of Santa Cruz* (2004) 33 Cal.4th 757, the plaintiffs brought an action against the County of Santa Cruz challenging certain conditions imposed on permits granted to them for the constructions of "granny" units on their property.  The plaintiffs filed a writ petition seeking removal of the conditions along with an order requiring the county to cease imposing such conditions against other applicants.  (*Id.* at pp. 766-767.)  Plaintiffs also asserted a takings claim.  In rejecting the plaintiffs'

**9** Section 66499.37 applies to "[a]ny action or proceeding to attack, review, set aside, void, or annul the decision of an advisory agency, appeal board, or legislative body concerning a subdivision, or of any of the proceedings, acts, or determinations taken, done, or made prior to the decision, or to determine the reasonableness, legality, or validity of any condition attached thereto, including, but not limited to, the approval of a tentative map or final map . . . ."

13

assertion that the latter claim was governed by the five-year limitations period provided under Code of Civil Procedure sections 318 and 319,**10** the court reasoned that "plaintiffs' taking claim rests on the County's demand that, as conditions of their permit approvals, they record rent and occupancy restrictions on their deeds. The specific statute of limitations for such a challenge to permit conditions . . . is Government Code section 65009, subdivision (c)(1)(E). Code of Civil Procedure sections 318 and 319 are thus inapplicable. [Citations.]" (*Id.* at p. 775.)

Excelaron's inverse condemnation claim begins by incorporating factual allegations relating to the application, the administrative review thereof, and the County's final decision denying the application. Excelaron then asserts that "[a]s a result of the County's actions, [Excelaron] has suffered a complete denial of all use of, and value in, its property, and [Excelaron] is entitled to just compensation pursuant to Article I, Section 19 of the California Constitution." It could not be clearer that this claim hinges on the validity of the County's decision to deny the application. Because "the gravamen" of Excelaron's inverse condemnation cause of action is that the County's decision denying the application "has had the effect of 'taking' [its] property without compensation, the action necessarily challenges the validity" of the County's decision. (*Hensler, supra*, 8 Cal.4th at p. 24.) It thus follows that the cause of action is subject to section 65009's statute of limitations.

Excelaron purports to distinguish *Hensler* on the ground that the case "expressly does not apply to total or categorical takings[.]" But this distinction is irrelevant. As the court in *Hensler* makes clear, "when restrictions on use of real property are the basis for a taking claim, the owner must pursue any available administrative permit process before seeking compensation or challenging the statute or regulation. The California permit process includes both administrative and judicial review of any

---

**10** Code of Civil Procedure section 318 provides a five-year statute of limitations for an "action for the recovery of real property." Code of Civil Procedure section 319 similarly provides a five-year limitation for actions "arising out of the title to real property, or to rents or profits out of the same."

conditions to which the landowner objects.  Only when the review process has been completed is it possible to determine whether a taking has occurred."  (*Hensler, supra*, 8 Cal.4th at p. 17.)  That is the case here.

It is also essentially irrelevant whether Excelaron alleges a "total" taking.  In arguing to the contrary, Excelaron misstates the relevant holding in *Uniwill L.P. v. City of Los Angeles* (2004) 124 Cal.App.4th 537.  According to Excelaron, the court denied the city's contention that the plaintiff's takings claim was barred under section 66499.37 because the plaintiff was alleging a total taking rather than a partial taking.  Although Excelaron is correct in noting that the court found section 66499.37 did not apply, its discussion as to whether the plaintiff had alleged a partial or total taking had nothing to do with that finding.  Rather, the court addressed that issue in disposing of "the [c]ity's additional argument that 'the complaint fails to state an inverse condemnation claim because Uniwill has not alleged that it has been denied all economically viable uses of the property' . . . ."  (*Id.* at p. 544.)  *Uniwill* is thus inapposite.  Excelaron's additional arguments and citations are equally inapt.

## DISPOSITION

The judgment is affirmed.  The County shall recover its costs on appeal.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

15

Martin J. Tangeman, Judge

Superior Court County of San Luis Obispo

_____

Treder Land Law, Sophia J. Treder; Law Offices of J. Tavener Holland, J. Tavener Holland, for Plaintiff and Appellant.

Rita L. Neal, County Counsel, Whitney G. McDonald, Deputy County Counsel, for Defendant and Respondent.