Filed 1/31/24  Sarno v. City of Los Angeles CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| LISA SARNO, | B321808 |
| Plaintiff and Appellant, | Los Angeles County Super. Ct. No. 21STCV33073 |
| v. | |
| CITY OF LOS ANGELES, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mark V. Mooney, Judge.  Affirmed.

Blair & Ramirez, Oscar Ramirez, Matthew P. Blair, Regina Lotardo; Esner, Chang & Boyer, Stuart B. Esner and Kathleen J. Becket for Plaintiff and Appellant.

Hydee Feldstein Soto, City Attorney, Denise C. Mills, Chief Deputy City Attorney, Scott Marcus, Chief Assistant City Attorney, and Rebekah Young, Deputy City Attorney, for Defendant and Respondent.

_____

Lisa Sarno sued her former employer, the City of Los Angeles, claiming the City retaliated against her for whistleblowing in violation of Labor Code section 1102.5 (section 1102.5). The City demurred, arguing Sarno had not complied with the Government Code's claim presentation requirement and had filed an untimely government claim. We affirm the judgment and order sustaining the demurrer without leave to amend.

We independently review the trial court's ruling and apply the familiar standard for demurrers. (See *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

Sarno had several chances to plead viable claims against the City. Her operative pleading is the second amended complaint, which has one cause of action for whistleblower retaliation under section 1102.5.

According to this complaint, Sarno reported to staff at the Mayor's office and others that increased homelessness and the establishment of a shelter near Sarno's workplace—the El Pueblo Historical Monument—led to more violent crime there. Sarno maintains her reports amounted to protected activity under the Labor Code, but the City terminated her in retaliation for voicing her concerns. Sarno's lawsuit claims the City's acts caused her to suffer "economic loss and damages, physical ailments, [and] emotional distress[.]"

The complaint says the City terminated Sarno on February 28, 2020, and Sarno submitted her government claim on February 24, 2021. This claim identifies Sarno's injuries as "[l]oss of income, loss of future income, loss of benefits, emotional distress." Emotional distress comprised the bulk of the itemized damages. Sarno itemized her damages in her claim as follows:

2

Loss of income: $152,716.80; loss of future income: $1,069,017.60; loss of benefits: $40,000; emotional distress: $5,000,000.

The City denied Sarno's claim as untimely.

The City's demurrer explained the untimeliness. It argued the six-month deadline in Government Code section 911.2 (section 911.2) governed, and because Sarno filed her government claim more than six months after her termination, her claim was untimely and her suit was barred.

The trial court sided with the City and sustained the demurrer on this basis. The City also had argued Sarno failed to plead facts showing she engaged in activity protected by section 1102.5; but the trial court did not rule on this ground.

Our independent review shows the trial court was correct. The court's reasoning does not constrain us. (See *Willis v. City of Carlsbad* (2020) 48 Cal.App.5th 1104, 1117 (*Willis*).)

A plaintiff suing a public entity like the City for damages must timely present a written claim to the entity before filing suit. (*Le Mere v. Los Angeles Unified School Dist.* (2019) 35 Cal.App.5th 237, 246 (*Le Mere*).) With exceptions not relevant here, this claim presentation requirement is an element of a valid cause of action against a public entity. (*Willis*, *supra*, 48 Cal.App.5th at p. 1119.) Where, as here, the plaintiff does not seek leave to file a late government claim, failure to present a timely claim bars the suit. (See *Le Mere*, *supra*, at p. 246.)

Section 911.2, subdivision (a), sets out two deadlines for submitting a government claim: "A claim relating to a cause of action for death or for injury to person or to personal property or growing crops shall be presented . . . not later than six months after the accrual of the cause of action. A claim relating to any other cause of action shall be presented . . . not later than one

year after the accrual of the cause of action." The parties agree Sarno's claim accrued when the City terminated her. (See *Willis*, *supra*, 48 Cal.App.5th at p. 1128 [whistleblower retaliation claim accrues when the public entity takes adverse employment action].)

Several cases have addressed the timing for presenting a section 1102.5 whistleblower retaliation claim, claims for emotional distress, or both. These cases show the shorter, six-month deadline applies here and bars Sarno's suit. (See *Willis*, *supra*, 48 Cal.App.5th at pp. 1110, 1118 & fn. 9 [peace officer's whistleblower retaliation claim, which sought economic damages and noneconomic damages for "mental pain and suffering and emotional distress," invoked the six-month deadline for filing a government claim]; *Colores v. Bd. of Trustees* (2003) 105 Cal.App.4th 1293, 1300–1302, 1312–1313, 1319–1320 [suit claiming constructive discharge in retaliation for whistleblowing subject to six-month deadline]; *Baillargeon v. Dept. of Water & Power* (1977) 69 Cal.App.3d 670, 682 [§ 911.2's shorter deadline applied to plaintiff"s cause of action for infliction of emotional distress]; see also *Le Mere*, *supra*, 35 Cal.App.5th at pp. 245–246 [characterizing a § 1102.5 claim as a personal injury claim subject to the six-month deadline].)

The expansive definition of "injury" in the Government Claims Act shows this result is correct. The Act defines "injury" to mean "death, injury to a person, damage to or loss of property, or any other injury that a person may suffer to his person, reputation, character, feelings or estate, of such nature that it would be actionable if inflicted by a private person." (Gov. Code, § 810.8; see also § 810.) Sarno claimed the City caused injuries,

4

including "physical ailments" and "emotional distress," that easily meet this expansive definition.

Sarno mentions neither this definition nor, besides *Willis*, any of the cases we have just cited. Her attempts to nullify *Willis* and to portray *Smith v. County of Los Angeles* (1989) 214 Cal.App.3d 266 as controlling are incorrect. *Smith* did not concern a whistleblower retaliation claim—or any employment claim. It involved homes destroyed by a landslide. (*Id.* at pp. 272–273.) In *Smith*, the County forfeited the claim presentation issue by not raising it at the trial court, and the appellate court's discussion of the correct deadline for the plaintiffs' nuisance claim alleging emotional distress was gratuitous and relegated to a two-sentence footnote. (*Id.* at pp. 280–281 & fn. 5.)

Sarno cites *statute of limitations* cases that direct courts to look at the substance of a cause of action and the nature of the right violated. (See, e.g., *Creditors Collection Service v. Castaldi* (1995) 38 Cal.App.4th 1039, 1043.) We follow *Willis* on this point. (See *Willis*, *supra*, 48 Cal.App.5th at pp. 1119–1120 & 1122–1123 [contrasting the claim presentation requirement and statutes of limitations, and noting public policy supports a strict application of the former].)

The claim presentation statute is broad. Any claim *relating to* a cause of action for personal injury must be presented within six months. (§ 911.2, subd. (a).) The statute does not say or imply that the primary harm or the gist of the claim determines the claim deadline.

Sarno similarly directs us to case law about recovering prejudgment interest on personal injury damages under Civil Code section 3291. This argument is inventive but not on point. (See § 3291, italics added ["In any action *brought to recover*

5

*damages for personal injury sustained by any person resulting from or occasioned by the tort of any other person*, . . . it is lawful for the plaintiff in the complaint to claim interest on the damages alleged as provided in this section"].)

The trial court properly sustained the City's demurrer without leave to amend, for no amendment could change this result.

## DISPOSITION

We affirm the judgment and award costs to the respondent.


WILEY, J.

We concur:


STRATTON, P. J.


GRIMES, J.